1  CHARLES T. MEYER (State Bar No. 264457)
   ctm@severson.com
2  SEVERSON & WERSON
   A Professional Corporation
3  The Atrium
   19100 Von Karman Avenue, Suite 700
4  Irvine, California 92612
   Telephone: (949) 442-7110
5  Facsimile: (949) 442-7118

6  JOHN B. SULLIVAN (State Bar No. 96742)
   MARY KATE SULLIVAN (State Bar No. 180203)
7  mks@severson.com
   SEVERSON & WERSON
8  A Professional Corporation
   One Embarcadero Center, Suite 2600
9  San Francisco, California 94111
   Telephone: (415) 398-3344
10 Facsimile: (415) 956-0439

11 Attorneys for Defendant
   NATIONSTAR MORTGAGE, LLC
12

13              UNITED STATES DISTRICT COURT

14      CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| 15  SALLY ROSENFELD, an individual, and LEE ROSENFELD, an individual, | Case No. 2:13-cv-04830 CAS (CWx) Hon. Christina A. Snyder Ctrm. 5 |
| 16 | |
| 17                     Plaintiffs, | **NATIONSTAR MORTGAGE, LLC'S 12(B)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |
| 18            vs. | |
| 19  NATIONSTAR MORTGAGE, LLC, a business entity form unknown, RSM&A FORECLOSURE SERVICES, LLC, a | |
| 20  business entity form unknown, and DOES 1-100, inclusive, | Date:   August 19, 2013 Time:   10:00 a.m. Ctrm.:  5 |
| 21                     Defendants. | |
| 22 | Action Filed:   June 3, 2013 Removed:        July 3, 2013 Trial Date:     None Set |
| 23 | |
| 24 | |

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...............................................................................1

II.    LEGAL STANDARD.........................................................................1

III.    STATEMENT OF FACTS .................................................................2

IV.    ARGUMENT ......................................................................................3

    A.    Each Of Plaintiffs' Individual Causes Of Action Fails .........................3

        1.    Plaintiffs' Claim for Violation of the Homeowners Bill of Rights Fails........................................................................................3

            (a)    Nationstar did not violate Cal. Civ. Code § 2923.6 because Plaintiffs were not entitled to a second review of their Application for a Loan Modification ........3

            (b)    The HOBR does not apply to the Loan Agreement ...........6

        2.    Plaintiffs' Claim for Violation of California Business & Professions Code § 17200 Fails ...................................... 10

            (a)    Plaintiffs' § 17200 claim fails because it is impermissibly vague ...................................................... 10

            (b)    Plaintiffs do not have standing because they did not suffer an injury in fact........................................ 11

            (c)    Plaintiffs' UCL claim fails because the underlying predicate violations fail..................................... 11

        3.    Plaintiffs' Third Cause of Action Fails Because Nationstar Does Not Owe Plaintiffs a Duty of Care ................................. 12

        4.    Plaintiffs' Claim for Accounting Fails......................................... 14

V.    ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT OF CLAIMS AGAINST NATIONSTAR ..................................... 14

VI.    CONCLUSION.................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*A.G. Edwards & Sons, Inc. v. Smith,*
736 F.Supp. 1030 (D. Ariz. 1989) ............................................. 15

*Alvarado v. Aurora Loan Services, LLC,*
2012 WL 4475330 (C.D. Cal. Sept. 20, 2012) ....................... 13

*Anderson v. District Bd. of Trs.,*
77 F.3d 364 (11th Cir. 1996) ................................................... 15

*Balistreri v. Pacifica Police Dep't,*
901 F.2d 696 (9th Cir. 1990) ............................................... 2, 3

*Barnitz v. Beverly,*
163 U.S. 118 (1896) ..................................................................8

*Bastajian v. Brown,*
57 Cal.App.2d 910 (1943) ...................................................... 14

*Beall v. Quality Loan Serv. Corp.,*
2011 WL 1044148 (S.D. Cal. Mar. 21, 2011) ...................... 12

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ............................................................. 1, 2

*Brea v. McGlashan,*
3 Cal.App.3d 454 (1934) ........................................................ 14

*Brown v. Ferdon,*
5 Cal.2d 226 (1936) ......................................................... 7, 8, 9

*Californians for Disability Rights v. Mervyn's, LLC,*
39 Cal.4th 223 (2006) ............................................................ 11

*Casault v. Federal Nat. Mortg. Ass'n,*
--- F.Supp.2d ---- 2012 WL 6861701 (C.D. Cal., Nov. 26, 2012)..................... 12

*Castaneda v. Saxon Mortgage Services, Inc.,*
2009 WL 4640673 (E.D. Cal. Dec. 3, 2009) ......................... 13

*Cel-Tech Commc'ns, Inc. v. LA Cellular Tel. Co.,*
20 Cal.4th 163 (1999) ............................................................ 11

*Evangelatos v. Super. Ct.,*
44 Cal.3d 1188 (1988) ..............................................................5

*Gregory v. Dillard's, Inc.,*
565 F.3d 464 (8th Cir. 2009) ....................................................1

*Hales v. Snowden,*
  19 Cal.App.2d 366 (1937) ........................................................... 8

*Hutson v. Am. Home Mortg. Servicing, Inc.,*
  2009 WL 3353312 (N.D. Cal. 2009) ......................................... 12

*In re Tobacco II Cases,*
  46 Cal.4th 298 (2009) ............................................................... 11

*Intri-Plex Techs., Inc. v. Crest Grp., Inc.,*
  499 F.3d 1048 (9th Cir. 2007) .................................................... 1

*Johnston v. Ally Fin. Inc.,*
  2011 WL 3241850 (S.D. Cal. July 29, 2011) ........................... 12

*Karimi v. Wells Fargo,*
  2011 2011 WL 2936324 (C.D. Cal. 2011) ............................... 12

*Khoury v. Maly's of Cal., Inc.,*
  14 Cal.App.4th 612 (1993) ....................................................... 10

*Marks v. Ocwen Loan Servicing,*
  No. 07-2133, 2009 WL 975792 (N.D. Cal. Apr. 10, 2009)........ 13

*MGIC Indem. Corp. v. Weisman,*
  803 F.2d 500 (9th Cir. 1986) ...................................................... 1

*Northstar Int'l v. Arizona Corp. Comm'n,*
  720 F.2d 578 (9th Cir. 1983) ...................................................... 2

*Nymark v. Heart Fed. Sav. & Loan Assn.,*
  231 Cal.App.3d 1089, 283 Cal.Rptr. 53 (Ct. App. 1991)......... 12

*Pok v. Am. Home Mortgage Servicing, Inc.,*
  No. 2:09-2385, 2010 WL 476674 (E.D. Cal. Feb 3, 2010) ...... 13

*Quelimane Co. v. Stewart Title Guar. Co.,*
  19 Cal.4th 26 (1998) ................................................................. 13

*Rescuecom Corp. v. Google Inc.,*
  562 F.3d 123 (2nd Cir. 2009)...................................................... 1

*Robertson v. Dean Witter Reynolds, Inc.,*
  749 F.2d 530 (9th Cir. 1984) .................................................. 2, 3

*Roling v. E*Trade Secs., LLC,*
  2010 WL 4916401 (N.D. Cal. 2010) ........................................ 11

*Schwartz v. IndyMac Fed. Bank,*
  2010 WL 2985480 (E.D. Cal. 2010).......................................... 10

*Scott v. Ambani,*
  577 F.3d 642 (6th Cir. 2009) ...................................................... 1

*Settle v. World Sav. Bank, F.S.B.,*
   2012 WL 1026103 (C.D. Cal. Jan. 11, 2012) .................................................. 12

*Singh v. Wells Fargo Bank, N.A.,*
   2009 WL 2365881 (N.D. Cal. 2009) .............................................................. 12

*St. James Church v. Superior Court,*
   135 Cal.App.2d 352 (1955) ........................................................................... 14

*Teselle v. McLoughlin,*
   173 Cal.App.4th 156 (2008) .......................................................................... 14

*Von Hoffman v. City of Quincy,*
   4 Wall. 535 (1866) ..........................................................................................7

*Von Saher v. Norton Simon Museum of Art at Pasadena,*
   578 F.3d 1016 (9th Cir. 2007) ........................................................................1

*Watts v. Decision One Mortgage Co.,*
   No. 09-43 CV 0043, 2009 WL 2044595 (S.D. Cal. July 13, 2009) ................. 13

*Winterbower v. Wells Fargo Bank, N.A.,*
   2013 WL 1232997 (C.D. Cal. 2013) ...............................................................6

*Worthen v. Thomas,*
   292 U.S. 426 (1934) ........................................................................................7

*Wright v. Security-First Nat. Bank of Los Angeles,*
   35 Cal.App.2d 264 (1939) ............................................................................. 14

*Yoshioka v. Super. Ct.,*
   58 Cal.App.4th 972 (1997) ..............................................................................5

**STATUTES**

Cal. Bus. & Prof. Code
   § 17200 ......................................................................................................... 10
   § 17204 ......................................................................................................... 11

Cal. Civ. Code
   § 3 ...................................................................................................................5
   § 2923.6 ......................................................................................... 3, 4, 6, 9, 10
   § 2923.6(c) .............................................................................................. 4, 6, 9
   § 2923.6(e)(1) .................................................................................................9
   § 2923.6(e)(2) .................................................................................................9
   § 2923.6(g) ................................................................................................. 5, 6
   § 2924 1/2 ................................................................................................... 7, 8
   § 2924.10 .........................................................................................................6
   § 2924.10(a) ....................................................................................................6
   § 2924.11(f) .....................................................................................................9
   § 2924.12(a)(1) ...............................................................................................4
   § 2924.17 ....................................................................................................... 10
   § 2924.18(a) ....................................................................................................9
   § 2924(a)(5) .....................................................................................................9

Cal. Code Civ. Proc.
   § 580b .................................................................................................................8

**OTHER AUTHORITIES**

Bill of Rights ..........................................................................................................3

Federal Rule of Civil Procedure 12(b)(6) ................................................... 1, 2, 3, 14

Federal Rule of Civil Procedure 12(e) ........................................................... 15

## NOTICE OF MOTION AND MOTION

### TO PLAINTIFFS, ALL PARTIES, AND THEIR ATTORNEYS:

**PLEASE TAKE NOTICE** that on August 19, 2013, in Courtroom 5 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, California 90012, Defendant Nationstar Mortgage, LLC ("Defendant") will, and hereby does, move for an order dismissing Plaintiffs' Complaint and all of the claims asserted in this action on the basis that Plaintiffs fail to state a claim for which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendant will also move and hereby does move, in the alternative, for a more definite statement of claims against them pursuant to Rule 12(e).

The motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the request for judicial notice, the Complaint, and all other pleadings and records on file in this action, and upon such other argument as may be presented at the hearing on this motion.

DATED:  July 10, 2013

SEVERSON & WERSON
A Professional Corporation


By: _____/s/ Charles T. Meyer_____
                    Charles T. Meyer

Attorneys for Defendant
NATIONSTAR MORTGAGE, LLC

# I. INTRODUCTION

This matter involves the foreclosure proceedings surrounding Plaintiffs' 2007 mortgage loan that they admittedly defaulted upon. At the heart of Plaintiffs' case is the fact that they were unhappy with the loan modification they were offered and have now brought suit. Plaintiffs are not entitled to a loan modification by law nor have they alleged any facts to show wrongdoing on the part of Nationstar Mortgage, LLC ("Nationstar"). Instead, it is Plaintiffs' own default and ultimate refusal to accept the permanent loan modification that has brought them before this court, not wrongful conduct undertaken by Nationstar. As such, Plaintiffs' entire Complaint should be dismissed with prejudice.

# II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may challenge the sufficiency of the statement of the claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In deciding a Rule 12(b)(6) motion, the court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2nd Cir. 2009); *see also Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009); *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 496 (8th Cir. 2009). It need not, however, "accept as true a legal conclusion couched as a factual allegation." *Twombly, supra*, 550 U.S. at 555.

In addition to the facts set forth in the complaint, matters that are properly the subject of judicial notice may also be considered when deciding a motion to dismiss for failure to state a claim. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). In fact, the court can disregard allegations in the complaint if such allegations are contradicted by facts which may be judicially noticed by the court. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 578 F.3d 1016, 1021-22 (9th Cir. 2007). One example would be the court's consideration of matters of public record. *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

1    Accepting only the factual allegations set forth in the plaintiff's complaint as
2    true, the court must decide whether plaintiff is entitled to some form of legal remedy.
3    *Twombly, supra*, 550 U.S. at 555.  Granting a Rule 12(b)(6) motion to dismiss is
4    proper where there is either a lack of a cognizable legal theory or the absence of
5    sufficient facts to support a cognizable legal theory.  *Balistreri v. Pacifica Police*
6    *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Robertson v. Dean Witter Reynolds,*
7    *Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  A dismissal will also be proper if a complaint
8    is vague, conclusory and fails to set forth material facts in support of the allegations.
9    *Northstar Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 583 (9th Cir. 1983).

10                    **III.  STATEMENT OF FACTS**

11    In July 2007, Plaintiffs obtained a $402,000.00 loan ("Loan") from Residential
12    Mortgage Capital to purchase the property located at 21021 Kingscrest Drive, Santa
13    Clarita, California 91350 ("Subject Property") and secured by a deed of trust.
14    (Request for Judicial Notice ("RJN"), Ex. A.)

15    On May 3, 2012, an Assignment of Deed of Trust was recorded and indicated
16    that the beneficial interest in the subject Deed of Trust had been assigned to Aurora
17    Bank, FSB.  (RJN, Ex. B.)  On June 11, 2012, RSM&A Foreclosure Services, LLC
18    was substituted in as the acting trustee under the Deed of Trust.  (RJN, Ex. C.)
19    Shortly thereafter, on June 17, 2012, a Notice of Default and Election to Sell Under
20    Deed of Trust was recorded.  (RJN, Ex. D.)  Plaintiffs admit they defaulted on their
21    Loan in or around March 2012.  (Complaint ("Compl."), ¶43.)  A Notice of Trustee's
22    Sale was then recorded on November 20, 2012.  (RJN, Ex. E.)

23    Nationstar is the mortgage servicer for the subject Loan.  (Compl., ¶57.)
24    Plaintiffs admit that during October and November of 2012, they submitted
25    documents to complete their application for a loan modification with Nationstar.
26    (Compl., ¶57.)  On or about December 5, 2012, Nationstar allegedly confirmed
27    receipt of Plaintiffs' completed application and postponed the foreclosure sale set for
28    December 11, 2012.  (Compl., ¶58.)  Thereafter, Plaintiffs allege they entered into a

1  trial payment plan that began on March 1, 2013.  (Compl., ¶¶61-62.)  On April 4,
2  2013, Plaintiffs allege Nationstar offered them a permanent modification.  (Compl.,
3  ¶64.)  Plaintiffs did not accept this modification offer because they claim Sally
4  Rosenfeld's reduction in income was not taken into account.  (Compl., ¶64.)
5  However, no factual basis is alleged to support that claim.  Plaintiffs' Complaint was
6  filed on June 3, 2012.  The action was removed to Federal Court by Nationstar
7  Mortgage, LLC on July 3, 2013.  At the time the Complaint was filed, no trustee's
8  sale had yet taken place.

9  <center>**IV.  ARGUMENT**</center>

10  As stated above, a Rule 12(b)(6) motion to dismiss is properly granted where
11  there is an absence of sufficient facts to support a cognizable legal theory.
12  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also*
13  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  In
14  addition, a motion to dismiss is properly granted where the complaint lacks a
15  cognizable legal theory.  (*Id.*)  Plaintiffs' Complaint fails for both of these reasons.

16  **A.     Each Of Plaintiffs' Individual Causes Of Action Fails**

17  **1.     Plaintiffs' Claim for Violation of the Homeowners Bill of Rights Fails**

18  Plaintiffs' first claim alleging various violations of the recently enacted
19  Homeowners Bill of Rights ("HOBR") fails for multiple reasons.  Specifically,
20  Plaintiffs allege that Nationstar violated various sections of Cal. Civ. Code § 2923.6.
21  Plaintiffs' claims under HOBR fail because Plaintiffs were not entitled to a re-review
22  of their loan modification application, the law cannot be applied retroactively to the
23  subject loan, and the law did not exist at the time the alleged wrongful conduct
24  occurred.

25  **(a)     Nationstar did not violate Cal. Civ. Code § 2923.6 because Plaintiffs were not entitled to a second review of their Application for a Loan Modification**

27  Under California's recently enacted Homeowner Bill of Rights, before a
28  trustee's deed upon sale is recorded, a borrower may bring an action to enjoin a

material violation of the HOBR.  Cal. Civ. Code § 2924.12(a)(1).  Here, by their first cause of action, Plaintiffs allege Nationstar materially violated the provision(s) of the HOBR set forth in California Civil Code section 2923.6 (hereinafter, "section 2923.6").  (Compl., ¶¶80-88.)

In relevant part, section 2923.6 provides:

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending.

Cal. Civ. Code § 2923.6(c).  Furthermore, subsection (g) of section 2923.6 provides that:

> [i]n order to minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay, the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013, or who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section, unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer.

1    Plaintiffs, however, have not pled any violation of the HOBR by Nationstar.
2  Plaintiffs admit they submitted an application for a loan modification to Nationstar in
3  2012, entered into a trial plan, and ultimately were offered a permanent modification.
4  (Compl., ¶¶61-64.)  Plaintiffs do not appear to contend that any pre-2013 conduct
5  violated the HOBR.  (See Compl., ¶¶57-65.)  Indeed, there is no indication the
6  HOBR was intended to apply retroactively.  By its own very specific terms, the
7  HOBR did not take effect until January 1, 2013.  Further, the amended statutory
8  scheme does not contain any language, explicit or implicit, suggesting retroactive
9  application.  *See*, *e.g.*, Cal. Civ. Code § 3; *Yoshioka v. Super. Ct.*, 58 Cal.App.4th
10  972, 980 (1997); *Evangelatos v. Super. Ct.*, 44 Cal.3d 1188, 1209 (1988).  As such,
11  any alleged pre-2013 conduct is not subject to the HOBR.

12    Additionally, Plaintiffs allege they "notified" Nationstar of material changes in
13  their "financial circumstances" in January 2013, but allege Nationstar did not
14  consider the material changes before it prepared the loan modification.  (Compl.,
15  ¶83.)  However, Plaintiffs fail to reconcile the fact that they accepted a trial plan in
16  February 2013, and received a permanent modification offer in April 2013.  (Compl.,
17  ¶¶61-64.)  Plaintiffs do not allege any facts to support their claim that Nationstar did
18  not consider the alleged change in financial circumstances when they were notified.
19  (Compl., ¶64.)

20    Plaintiffs also allege their counsel wrote to Nationstar on May 28, 2013,
21  claiming that Plaintiff, Sally Rosenfeld, had taken a reduction in hours at her job and
22  that Plaintiffs' credit cards had been paid off, which had reduced their monthly
23  expenses.  (Compl., ¶83; *see also* Compl., Ex. D.)  Nationstar notes that nowhere in
24  their Complaint do Plaintiffs set forth a factual basis demonstrating the alleged
25  material change in their financial circumstances beyond the sparse facts described
26  above.  The express language of Cal. Civ. Code § 2923.6 subsection (g) necessarily
27  requires more than simply pleading the legal conclusion that a borrowers' financial
28  circumstances have materially changed.  "Otherwise, such a barebones description

would easily sidestep the entire purpose of subsection (g), which is meant to relieve mortgage servicers from evaluating multiple loan modification applications submitted for the purpose of delay. *See, e.g., Winterbower v. Wells Fargo Bank, N.A.*, 2013 WL 1232997 (C.D. Cal. 2013), *citing* Cal. Civ. Code § 2923.6(g).

Finally, Plaintiffs chose to file their Complaint on June 3, 2013, only four business days after demanding a re-review. Therefore, Plaintiffs lack any claim ripe for adjudication under section 2923.6. California Civil Code section 2924.10(a) requires a loan servicer to provide written acknowledgement of receipt "within five business days" after a borrower "submits a complete first lien modification application or any document in connection with a first lien modification application." Here, the conclusory demand letter from Plaintiffs' counsel does not constitute a loan modification "application" or a "document in connection" with a loan modification application (i.e., documents needed to facilitate loan modification review). (Compl., Ex. D.) Yet, even if it did, Plaintiffs still filed their Complaint before the HOBR compelled Nationstar to acknowledge receipt of this demand letter.

Plaintiffs also lack a right to the remedy they seek. Contrary to their contentions, section 2923.6 does not require a servicer to cancel a sale while a loan modification review is pending. (Compl., ¶70.) The plain language of the statute prohibits a foreclosing party only from actually "conduct[ing] a trustee's sale" while an application is pending. Cal. Civ. Code § 2923.6(c). No part of the HOBR requires a foreclosing entity to cancel a pending trustee's sale upon the submission of a completed loan modification application, let alone a mere demand for a re-review.

**(b)    The HOBR does not apply to the Loan Agreement**

This claim also fails because the Loan was originated before January 1, 2013. The HOBR was enacted on January 1, 2013; the loan in question was originated in 2007. (RJN, Ex. A.) Because the HOBR materially affects a lender's contractual right of enforcement upon a borrower's default and was enacted after the loan was originated, the HOBR cannot apply to the Loan.

1    "[T]he laws which subsist at the time and place of the making of a contract,
2    and where it is to be performed, enter into and form a part of it, as if they were
3    expressly referred to or incorporated in its terms.  This principal embraces alike those
4    which affect its validity, construction, discharge or enforcement.…  Nothing can be
5    more material to the obligation than the means of enforcement.…  The ideas of
6    validity and remedy are inseparable, and both are parts of the obligation, which is
7    guaranteed by the Constitution against invasion."  *Brown v. Ferdon*, 5 Cal.2d 226,
8    230 (1936), *quoting Von Hoffman v. City of Quincy*, 4 Wall. 535, 550 (1866).

9    "The remedy, where it affects substantial rights, is included in the term
10   'obligation of contract,' and the remedy cannot be altered as to materially impair such
11   obligations."  *Id.* (citations omitted).  And "when the exercise of the reserved power
12   of the State, in order to meet public need because of a pressing public disaster, relates
13   to the enforcement of existing contracts, that action must be limited by reasonable
14   conditions appropriate to the emergency."  *Id.* at 233, *quoting Worthen v. Thomas*,
15   292 U.S. 426 (1934).  "[W]hile economic necessity may furnish the reason for the
16   passage of a law by the legislature, that necessity will not place it beyond the reach of
17   the constitutional guaranties concerning the obligations of contract."  *Id.* at 230.

18   In *Brown*, the California Supreme Court addressed the issue as to whether
19   Civil Code section 2924 1/2, which was passed in 1933, applied to a note and deed of
20   trust that were executed in 1930.  *Brown, supra*, 5 Cal.2d at 229.  At the time of
21   *Brown*, a loan's beneficiary could require the foreclosure trustee to sell the property
22   in satisfaction of the debt after three months' notice.  The beneficiary could then sue
23   the debtor and obtain a judgment for any deficiency remaining after crediting the
24   proceeds of the sale upon the indebtedness."  *Id.* at 231.  As stated in *Brown*, if Civil
25   Code section 2924 1/2 was applied retroactively, "the right to a deficiency judgment
26   has either been entirely taken away from the creditor, or he must wait an additional
27   period of nine months before he may have judgment."  *Id.*

28

1    In ruling that Section 2924 1/2 did not retroactively apply to the loan as it was
2  originated before its passage, the *Brown* Court noted that the State may modify the
3  remedy to enforce the contract, but must do so without impairing the obligation of the
4  contract. *Id.* at 231 ("it is competent for the States to change the form of the remedy,
5  or to modify it otherwise, as they may see fit, provided no substantial right secured by
6  the contract is thereby impaired."). However, as the provisions of Section 2924 1/2,
7  among other things, "fixe[d] no conditions whatever for its operation," "give[s] relief
8  to every debtor, irrespective of the amount of the indebtedness, the condition of the
9  security or his need for additional time," "imposes no condition upon the debtor in
10  connection with the use and occupation of the property," "gives a debtor a preference
11  without any consideration of the rights of the creditor," and "is granted without
12  reference to individual circumstances," the Court in *Brown* ruled that Section 2924 1/2
13  "would work a change in the substantive rights of the creditor under the guise of a
14  change in remedy" and, therefore, cannot apply to the loan at issue. *Id.* at 234-236.

15    Similar rulings are found in *Hales v. Snowden*, 19 Cal.App.2d 366 (1937) and
16  *Barnitz v. Beverly*, 163 U.S. 118 (1896). In *Hales*, the Court ruled that the anti-
17  deficiency legislation codified in Code of Civ. Proc. § 580b cannot apply to the loan
18  as the loan was originated prior to the passage of Section 580b. In *Barnitz*, the Court
19  held that a statute which authorized the redemption of property sold upon foreclosure
20  of a mortgage, where no right of redemption previously existed or which extends the
21  period of redemption behind the time formerly allowed, cannot constitutionally apply
22  to a sale under a mortgage executed before its passage.

23    Here, as in *Brown*, *Hales*, and *Barnitz*, the HOBR materially changes the
24  lender's enforcement rights pursuant to the terms of the loan agreement under the
25  guise of a change in remedy.

26    For example, *Brown* and *Barnitz* showed concern over an additional nine
27  month delay in a creditor's right to seek a deficiency judgment and an extended
28  redemption period, respectively. Similarly, HOBR imposes requirements on the

1    lender or its servicer that will inevitably result in a far longer delay to the lender's

2    right to non-judicially foreclose. *See, e.g.*, Civ. Code § 2923.6(c) (the foreclosure

3    process must be stayed pending a modification review upon the borrower's

4    submission of a "complete application."); see also Civ. Code § 2923.6(e)(1) (lender

5    cannot proceed with the foreclosure process until 31 days after a written modification

6    denial is provided to the borrower); Civ. Code § 2923.6(e)(2) (if the borrower appeals

7    the modification denial, the lender cannot proceed with the foreclosure process until

8    the later of 15 days after the appeal is denied or 14 days after a modification is

9    offered but declined by the borrower or, assuming a modification is agreed to by the

10   borrower, the date in which the borrower fails to timely submit the first payment due

11   under the modification); Civ. Code § 2924(a)(5) (lender must send written notice of a

12   continued foreclosure sale date if the sale was postponed for a period longer than 10

13   days); Civ. Code § 2924.10 (written acknowledgments must be sent to the borrower

14   upon each submission of financial information).)

15        Moreover, the HOBR mandates that the servicer conduct a modification review

16   when no such obligation was required under the loan agreement. *See, e.g.*, Civ. Code

17   §§ 2923.6, 2924.18(a).  Also, and assuming a "complete" modification packet is

18   submitted by the borrower, a lender is required to postpone the contractually author-

19   ized foreclosure process and conduct a complete review irrespective of the amount of

20   the indebtedness, the condition of the security or the actual need for additional time.

21   *See Brown, supra*, 5 Cal.2d at 234-236; *see also* Civ. Code § 2924.18(a).

22        The HOBR also "imposes no condition upon the debtor in connection with the

23   use and occupation of the property," such as a monthly payment. *Id.*, at 234-236.  To

24   the contrary, the HOBR prevents the lender from exercising its contractual right to

25   charge late fees while a modification review is pending on a loan that is undisputedly

26   in default. *See* Civil Code § 2924.11(f) (servicer cannot collect late fees during a

27   pending modification review).  In other words, the HOBR directly prevents the lender

28   from exercising its right under the loan agreement to charge late fees.

1    Under well settled rules in California, the HOBR cannot apply to the loan

2  because (1) the contract was entered into prior to January 1, 2013; (2) the HOBR was

3  neither entered into the loan agreement, formed as a part of the agreement, nor

4  expressly referred to or incorporated in the loan agreement's terms; and (3) as set

5  forth above, the HOBR materially affects a lender's right to enforce the terms of the

6  note and deed of trust to such an extent that it impairs the "obligation of the

7  contract."  Therefore, Cal. Civ. Code § 2924.17 does not apply to Plaintiffs' loan.

8    Accordingly, and by virtue of their own allegations, Plaintiffs lack standing to

9  bring a claim for § 2923.6 and the claim should be dismissed without leave to amend.

10    **2.    Plaintiffs' Claim for Violation of California Business & Professions Code § 17200 Fails**

11    Plaintiffs' claim for violation of Cal. Bus. & Prof Code § 17200 fails because it

12  is impermissibly vague, there are no predicate causes of action to base it upon, and

13  Plaintiffs have incurred no injury in fact.  For these reasons, their claim fails and

14  should be dismissed.

15    **(a)    Plaintiffs' § 17200 claim fails because it is impermissibly vague**

16    The facts constituting an alleged violation of section 17200 must be "state[d]

17  with reasonable particularity." *Khoury v. Maly's of Cal., Inc.*, 14 Cal.App.4th 612,

18  619 (1993); *see also Schwartz v. IndyMac Fed. Bank*, 2010 WL 2985480 at *4 (E.D.

19  Cal. 2010).  Plaintiffs' unlawful business practice claim is impermissibly vague, in

20  that it fails to identify which prong of California Business Code Section 17200, also

21  known as the Unfair Competition Law ("UCL" or "17200"), any defendant

22  purportedly violated.  Plaintiffs do not specify any facts or details as part of the

23  vaguely alleged practices allegedly undertaken by Nationstar, nor do Plaintiffs make

24  any connection with representations, statements or promises from any specific

25  Nationstar employees.  As such, Plaintiffs have not alleged any fraudulent, unlawful

26  or unfair act attributable to Nationstar and thus have not stated facts to constitute a

27  UCL cause of action against them.

28

**(b) Plaintiffs do not have standing because they did not suffer an injury in fact**

To state a claim under the UCL, a plaintiff must plead that (1) defendant engaged in one of the practices prohibited by the statute, and (2) plaintiff suffered actual injury in fact as a result of defendant's actions. *Roling v. E*Trade Secs., LLC*, 2010 WL 4916401 (N.D. Cal. 2010). Plaintiffs only have standing to challenge a business practice under the UCL if they have (1) "suffered injury in fact," and (2) "lost money or property as a result of" the unfair competition they challenge. Bus. & Prof. Code § 17204; *Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal.4th 223, 227 (2006). Absent such a showing, Plaintiffs have no standing to sue under the UCL. *See In re Tobacco II Cases*, 46 Cal.4th 298, 327-29 (2009).

Plaintiffs do not allege any specific amount of money or any specific property they have lost as a result of the alleged violation. Instead, Plaintiffs make the following broad and conclusory statement: "As a direct, proximate, and foreseeable result of the unlawful conduct of Defendants, their business acts or practices have caused injury to plaintiffs and the general public; and plaintiffs are entitled to relief." (Compl., ¶108.) This type of allegation is insufficient to establish standing under the statute. Plaintiffs still fail to identify any specific damages that occurred as a result of the purported violation.

Because Plaintiffs cannot show that the alleged violation of the UCL caused them to suffer any specific injury in fact, Plaintiffs have no standing to sue under the UCL. As a result, the claim should be dismissed.

**(c) Plaintiffs' UCL claim fails because the underlying predicate violations fail**

In order to satisfy the pleading requirements for a UCL claim, Plaintiffs must allege that Nationstar committed an unlawful act, an unfair business practice, or a fraudulent business practice. *Cel-Tech Commc'ns, Inc. v. LA Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999). Plaintiffs state that Nationstar's conduct was unlawful because it was deceptive with respect to "mortgage loan servicing, foreclosure of residential properties, and related matters." (Compl., ¶97.) However, as explained

1 || above, Plaintiffs have failed to articulate a viable claim for any violation of the

2 || statute. Plaintiffs' allegations that Defendants have violated HOBR and are somehow

3 || improperly foreclosing on the Property are baseless and unsupported by any facts

4 || alleged in the Complaint.

5 |||| Where the underlying claims are deficient, a UCL claim must also fail. *See*

6 || *Singh v. Wells Fargo Bank, N.A.*, 2009 WL 2365881, \*5 (N.D. Cal. 2009)

7 || (dismissing a mortgage borrower's claim under the UCL where that claim was

8 || derivative of a deficient fraud claim that was also dismissed); *Hutson v. Am. Home*

9 || *Mortg. Servicing, Inc.*, 2009 WL 3353312, \*15-16 (N.D. Cal. 2009) (dismissing a

10 || UCL claim predicated on other failed claims); *Beall v. Quality Loan Serv. Corp.*,

11 || 2011 WL 1044148, at \*5 (S.D. Cal. Mar. 21, 2011) (same).

12 |||| Because Plaintiffs lack standing to sue under the UCL and because Plaintiffs'

13 || underlying predicate violation fails, this Court should grant Defendants' Motion to

14 || Dismiss.

15 |||| **3.  Plaintiffs' Third Cause of Action Fails Because Nationstar Does Not Owe Plaintiffs a Duty of Care**

16 |||| The gravamen of the third cause of action for negligence is the alleged failure

17 || of "defendant" to offer Plaintiffs the loan modification they desired. (Compl., ¶¶114-

18 || 116.)  However, Plaintiffs fail to state a negligence cause of action against Nationstar

19 || and the claim should be dismissed.

20 |||| It is well-established that financial institutions typically do not owe a duty of

21 || care to a borrower when its activities do not exceed those of a conventional money

22 || lender. *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal.App.3d 1089, 1096, 283

23 || Cal.Rptr. 53 (Ct. App. 1991). "'Numerous cases have characterized a loan

24 || modification as a traditional money lending activity.'" *Casault v. Federal Nat.*

25 || *Mortg. Ass'n*, --- F.Supp.2d ---- 2012 WL 6861701 (C.D. Cal., Nov. 26, 2012) *citing*

26 || *Settle v. World Sav. Bank, F.S.B.*, 2012 WL 1026103 (C.D. Cal. Jan. 11, 2012); *see*

27 || *also Johnston v. Ally Fin. Inc.*, 2011 WL 3241850 (S.D. Cal. July 29, 2011), *quoting*

28 || *Karimi v. Wells Fargo*, 2011 2011 WL 2936324 (C.D. Cal. 2011) ("In addition, loan

1  modification is an activity that is 'intimately tied to Defendant's lending role.'").

2  Further, the servicer of the loan acting on behalf of the lender "does not owe a duty to

3  the borrower of the loan it services." *Castaneda v. Saxon Mortgage Services, Inc.*,

4  2009 WL 4640673, *4 (E.D. Cal. Dec. 3, 2009).

5        Similarly, California courts have agreed that "loan servicers do not owe a duty

6  to the borrowers of the loans they service." *Pok v. Am. Home Mortgage Servicing,*

7  *Inc.*, No. 2:09-2385, 2010 WL 476674, at *4 (E.D. Cal. Feb 3, 2010); *see also*

8  *Watts v. Decision One Mortgage Co.*, No. 09-43 CV 0043, 2009 WL 2044595, at *2

9  (S.D. Cal. July 13, 2009); *Marks v. Ocwen Loan Servicing*, No. 07-2133, 2009 WL

10  975792, at *7 (N.D. Cal. Apr. 10, 2009).  Without the required existence of a duty,

11  Plaintiffs can state no facts to constitute a cause of action for negligence against

12  Nationstar as a matter of law and the claim should be dismissed.

13        Finding Nationstar owed Plaintiffs a duty of care based upon their generic

14  complaint relating to the loan modification process would be tantamount to creating a

15  bright line rule which could be devastating to foreclosure avoidance efforts.

16  *Alvarado v. Aurora Loan Services, LLC*, 2012 WL 4475330 (C.D. Cal. Sept. 20,

17  2012).

18        Even assuming Plaintiffs had alleged facts giving rise to a duty of care by

19  Nationstar—which they have not—Plaintiffs still fail to allege facts showing breach

20  of duty, damages and causation attributable to Nationstar. *See Quelimane Co. v.*

21  *Stewart Title Guar. Co.*, 19 Cal.4th 26, 57 (1998) (stating elements for negligence).

22  (*See also* Compl., ¶¶117-119 *as compared to* Compl., ¶¶77-79.)  Most importantly,

23  Plaintiffs admit they received an offer to modify their loan on April 4, 2013.

24  (Compl., ¶64.)  The fact that Plaintiffs were **actually** offered a loan modification

25  destroys any viable claim they may have that Nationstar was not working with them

26  to offer possible alternatives to foreclosure.  As such, this claim should be dismissed.

27

28

### 4.    Plaintiffs' Claim for Accounting Fails

An action for accounting lies when the suit is for recovery of an amount that is unliquidated and unascertained and that cannot be determined without an accounting. *St. James Church v. Superior Court*, 135 Cal.App.2d 352, 359 (1955).

To seek the remedy of accounting, the complaint must set forth facts showing: (1) a fiduciary relationship or other circumstances appropriate to the remedy; and (2) a balance due from the defendant to the plaintiff that can <u>only</u> be determined by an accounting. *Brea v. McGlashan*, 3 Cal.App.3d 454, 460 (1934). Further, a claim for accounting does not lie where all the facts necessary for calculation of the amount are within the plaintiff's knowledge. *St. James Church, supra*, 135 Cal.App.2d at 359.

Here, Plaintiffs have not and cannot allege a fiduciary relationship with Nationstar as a matter of law. It is well-established that the lender in a residential mortgage loan transaction does not owe a fiduciary duty to the borrower. *Bastajian v. Brown*, 57 Cal.App.2d 910, 915 (1943) (noting that "as mortgagor and mortgagee the parties were not in a fiduciary relationship but were dealing at arm's length"); *Wright v. Security-First Nat. Bank of Los Angeles*, 35 Cal.App.2d 264, 281 (1939) (noting that "the relation between a mortgagee and mortgagor is not fiduciary"). For this reason alone, Plaintiffs' claim for an accounting should be dismissed.

In addition, a cause of action for accounting only exists when a plaintiff is owed an amount that can only be determined through an accounting. *Teselle v. McLoughlin*, 173 Cal.App.4th 156, 179 (2008). Here, it is Plaintiffs that have taken out a debt and owe the balance of the loan proceeds to the beneficiary and not Plaintiffs that are owed any money. As such, there is no further amount owed for Plaintiffs to request an accounting.

### V.    ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT OF CLAIMS AGAINST NATIONSTAR

Should any of Plaintiffs' claims survive the Rule 12(b)(6) challenge, Nationstar requests, in the alternative, that the Court require a more definite statement

of the claims alleged against them pursuant to Federal Rule of Civil Procedure 12(e). Such a motion is appropriate when a defendant is unable to determine from the complaint what issues it must address or a complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." *See* Fed. R. Civ. P. 12(e); *see also A.G. Edwards & Sons, Inc. v. Smith*, 736 F.Supp. 1030, 1032 (D. Ariz. 1989).

That is the situation here with respect to each of Plaintiffs' causes of action. Plaintiffs make only broad, conclusory statements, that lack the "clarity and precision" required for the defendant "to discern what the plaintiff is claiming and to frame a responsive pleading." *Anderson v. District Bd. of Trs.*, 77 F.3d 364, 366-67 (11th Cir. 1996). Accordingly, should any of Plaintiffs' causes of action survive Nationstar's Motion to Dismiss the Complaint, Defendant respectfully requests that the alternative motion under Rule 12(e) be granted.

## VI. CONCLUSION

For the reasons set forth herein, Nationstar respectfully requests that this Motion to Dismiss the Complaint be granted in its entirety. In the alternative, Nationstar respectfully requests that the Court require a more definite statement of Plaintiffs' claims against Defendants pursuant to Federal Rule of Civil Procedure 12(e).

DATED: July 10, 2013

SEVERSON & WERSON
A Professional Corporation

By: _____ */s/ Charles T. Meyer*
Charles T. Meyer

Attorneys for Defendant
NATIONSTAR MORTGAGE, LLC

## PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On July 10, 2013, I served true copies of the following document(s):

**NATIONSTAR MORTGAGE, LLC'S 12(B)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

on the interested parties in this action as follows:

| | |
|---|---|
| Joseph R. Manning, Jr., Esq.<br>The Law Offices of Joseph R.<br>Manning, Jr.<br>A Professional Corporation<br>4667 MacArthur Blvd., Suite<br>150<br>Newport Beach, CA  92660 | Attorney for Plaintiffs<br>Sally Rosenfeld and Lee Rosenfeld<br><br>Telephone:  (949) 200-8755<br>Facsimile:   (866) 843-8308<br>E-mail:      manningjr@aol.com;<br>ecf@manninglawoffice.com,joe@manninglawoffice.com |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 10, 2013, at Irvine, California.

_____
Terri A. Keller