Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**THE LAW OFFICES OF JOSEPH R. MANNING, JR.**
**A PROFESSIONAL CORPORATION**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
(949) 361-3232
(866) 843-8308
Email: ecf@ManningLawOffice.com

Attorneys for Plaintiffs SALLY ROSENFELD and LEE ROSENFELD
.

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA– WESTERN DIVISION

| | |
|---|---|
| SALLY ROSENFELD, an individual, and LEE ROSENFELD, an individual,<br><br>        Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC, a business entity form unknown, RSM&A FORECLOSURE SERVICES, LLC, a business entity form unknown, and DOES 1-100, inclusive,<br><br>        Defendants. | CASE No: 13-cv-04830-CAS(CWx)<br><br>[Assigned to the Hon. Christina A. Snyder]<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [F.R.C.P. 12(B)(6)]**<br><br>Date:    August 19, 2013<br>Time:   10:00 a.m.<br>Ctrm.:   5 |

**TO DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD:**

Plaintiffs SALLY ROSENFELD and LEE ROSENFELD (hereinafter collectively referred to as "Plaintiffs"), hereby oppose Defendant, NATIONSTAR MORTGAGE, LLC, ("Defendant") Motion to Dismiss Plaintiffs' Complaint for failure to state a claim as well as a more definite statement of claims.

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MacArthur Blvd., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

# I.  INTRODUCTION

Plaintiffs filed a complaint against NATIONSTAR MORTGAGE, LLC, ("Defendant" or "NATIONSTAR") for violations of California Civil Code §2923.6, Violations of California Business & Professions Code §17200, Negligence and a demand for Accounting.  As a threshold matter, Plaintiffs have suffered injury in fact in 2013; therefore, have standing to bring this action against NATIONSTAR.

This case was filed on June 3, 2013 following a documented material change in Plaintiffs' financial circumstances was sent to Defendants and a notice of foreclosure was sent to Plaintiffs.  Plaintiffs experienced a drastic, decrease in income; however, Plaintiffs' gross household income has now stabilized enough to cover payments on the mortgage obligation.  While this material change in financial circumstances was communicated to Defendant pursuant to the Trial Payment Plan obligations, Defendant chose to ignore this information.  Furthermore, Plaintiffs' unsecured debts have been paid off; therefore, Plaintiffs' disposable income has stabilized.

Defendant's motion seems to attempt to place the blame on its predecessor in interest, Aurora, however; NATIONSTAR has been the Plaintiffs' loan servicer since early 2012.  Therefore, all allegations of dual tracking, failure to administer the loan modification review properly, addition of unnecessary charges and violation of Civil Code §2923.6 are precisely alleged against NATIONSTAR.  Furthermore, Plaintiffs have not yet had an opportunity to conduct discovery to specifically point out what charges are proper and just.

# II. **FACTUAL BACKGROUND**

In 2007, Plaintiffs entered into a written loan agreement and obtained a mortgage loan, in the amount of $402,000 (the "Loan"), secured by the Property

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD, STE. 150
NEWPORT BEACH, CALIFORNIA 92660

through a Deed of Trust (recorded July 13, 2007), then and now the principal residence of Plaintiffs.

On or about December 24, 2010, Plaintiffs' 29-year old son, Steven, was involved in a near fatal accident, resulting in traumatic brain injury and required neurosurgery. As a result, Steven was forced to spend twenty-two (22) months in various hospitals and rehabilitation centers.  During, this time, Plaintiffs performed dutifully under the Loan, as required, until early 2012, when, due to the poor economy and Plaintiffs' son's worsening medical condition, Plaintiffs suffered a significant financial setback. Plaintiffs' monthly mortgage payment had been increased due to the terms of the negative amortization loan, and Plaintiffs' income was not enough to cover the entire payment. At that point, Plaintiffs were able to make some of the monthly payments; however, Plaintiffs fell further and further behind, and ultimately defaulted on the Loan in or around March 2012.

Immediately, in an effort to avoid foreclosure proceedings, Plaintiffs contacted Aurora Bank, the mortgage servicer at the time, to inquire information about a loan modification option, and to discuss any other options for Plaintiffs to become current on the Loan and to prevent foreclosure.

Plaintiffs applied for a loan modification and submitted a completed application with all the required financial documents, to Aurora, via facsimile. In or around May 2012, Aurora Bank contacted Plaintiffs, and a representative informed Plaintiffs that their loan modification application was complete and being reviewed by its Loss Mitigation Department and that Plaintiffs' account had been assigned to a customer relations manager.  However, on or about June 5, 2012, while Plaintiffs' application was "in review" for a modification, Defendants executed a Notice of Default and Election to Sell Under Deed of Trust (the "NOD" or "Notice of Default"), against the Property. Plaintiffs immediately contacted Aurora, to inquire

3

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

about the NOD and the status of the loan modification review. Aurora, through its authorized representative, informed Plaintiffs that their account had been transferred to a new loan servicer, Defendant Nationstar Mortgage, LLC, and that Plaintiffs would need to contact Nationstar Mortgage's Loss Mitigation Department to determine whether Nationstar would be able to assist Plaintiffs with a loan modification review.

As advised, in or around early July 2012, Plaintiffs contacted NATIONSTAR to inquire about a loan modification option. NATIONSTAR, through its representative, advised Plaintiffs that they "pre-qualified" for a loan modification, and promised Plaintiffs that if they submitted a complete loan modification application, the NOD would be held "in suspense" and foreclosure proceedings would not continue while the application was in review. These representations led Plaintiffs to believe that she would qualify for a loan modification, that she would secure a new affordable monthly mortgage payment, and that they would retain the Property.

Plaintiffs justifiably relied on these representations and applied for a loan modification by submitting a complete application, with all required financial documents to NATIONSTAR.

Over the next couple months, Plaintiffs consistently received letters from NATIONSTAR, requesting updated financial documents, and as requested, Plaintiffs continued to submit and resubmit the financial documents and followed-up weekly with NATIONSTAR.

However, on or about September 6, 2012, while Plaintiffs' application was in review and Plaintiffs had timely complied with all document requests, Defendants executed a Notice of Trustee's Sale (the "NTS" or "Notice of Sale"), against the Property. Once again, Plaintiffs immediately contacted NATIONSTAR and its

4

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

representative assured Plaintiffs that if they continued to comply with NATIONSTAR and if they timely submitted the requested documents to NATIONSTAR, there would be no foreclosure on the Property. Plaintiffs justifiably relied on these representations, and continued the loan modification process with NATIONSTAR.

Plaintiffs updated NATIONSTAR representatives of their financial situation as well as the extra expenses of taking care of their son.  Plaintiffs were advised to submit any and all supporting documentation to NATIONSTAR. As advised, in the months of October 2012 and November 2012, Plaintiffs submitted all the requested and updated financial documents to NATIONSTAR.

On or about January 28, 2013, Plaintiffs sent an email to NATIONSTAR, explaining the significant changes in Plaintiffs' financial circumstances, and the severe reduction in Plaintiff Sally Rosenfeld's income, due to her son's medical condition.  NATIONSTAR representative, Toni, informed Plaintiffs that they had been approved for a Trial Payment Plan, under which required Plaintiffs to make monthly payments in the amount of $2,648.46, starting on the first of February, through April 2013. Plaintiffs were further advised that any final modification would take Plaintiffs' reduction in income into consideration by lowering the monthly payments.

While, Plaintiffs did not receive this offer in writing; as advised and in reliance on the representations of NATIONSTAR's representative, Plaintiffs accepted the supposed Trial Payment Plan, and Plaintiffs remitted the first payment of $2,648.46. Shortly thereafter, Plaintiffs called NATIONSTAR to confirm receipt payment, representative, April Lyon advised Plaintiffs that their payments were now due March 1, through May 1, 2013; thereby requiring Plaintiffs to make an additional payment.

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

5

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

On or about April 4, 2013, Plaintiffs received a proposed Home Affordable Modification Agreement ("Agreement"), which included an interest rate of 5.125%, and a monthly payment of $2,671.02 to be made, beginning on June 1, 2013. However, this Agreement did not take into consideration Plaintiff Sally Rosenfeld's reduction in income, which she had previously promised by NATIONSTAR.

On April 8, 2013 and again on April 11, 2013, Plaintiffs called and left voice mail messages for Loss Mitigation Specialist, Aaron Sterling, advising him that the proposed Agreement did not take into account Plaintiff Sally Rosenfeld's reduction in income, and based on this fact, Plaintiffs would either need to be re-evaluated for a loan modification or have the modified terms adjusted pursuant to the prior promises of an income based modification. Plaintiffs never received a call back from Mr. Sterling.

As set forth herein, Plaintiffs have done everything in her power to make ends meet and obtain mortgage assistance from their mortgage servicers; however, Plaintiffs have not received any help and their multiple attempts at receiving mortgage assistance have all been rejected.

Plaintiffs are in possession of the Property and no Trustee's sale has occurred; however, Defendant continues to keep Plaintiffs' property in active foreclosure.

## II. ARGUMENT

### A. <u>DEFENDANT'S CLAIMS FOR DISMISSAL ARE WITHOUT MERIT</u>

The Federal Rules simply require in the complaint a "short and plain statement of the claim showing the pleader is entitled to relief." [FRCP Rule 8 (a)(2)  In *Conley v. Gibson*, 355 U.S. 41 (1957), the United States Supreme Court noted that the Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which they base their claim.  To the contrary, all the Rules require is 'short and plain

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

statement of the claim' that will give the defendant fair notice of what the plaintiffs' claim is and the grounds upon which it rests."

In ruling on a motion to dismiss, the Court must accept all material allegations of fact alleged in the complaint as true and resolve all doubts in favor of Plaintiff. (*Pareto v. F.D.I.C.*, 139 F. 3d 696, 699 (9th Cir. 1998)). The Federal Rules simply require in the complaint a "short and plain statement of the claim showing the pleader is entitled to relief." [FRCP Rule 8 (a)(2)] Moreover, the Rules require a "short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

Motions to dismiss are disfavored, as there exists "'a powerful presumption against rejecting pleadings for failure to state a claim.'" *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir 1997) (quoting *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 386 (5th Cir.1985)). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson.* In considering a motion to dismiss, a district court must take as true all well-pleaded allegations of material fact and must construe them in the light most favorable to the plaintiff. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir 2003). A court also must take into account all inferences supporting the complaint that a trier of fact reasonably could draw from the evidence. See *Id*.

Even applying the standard set by the case of *Bell Atlantic Corporatin v. Twombly* 550 U.S. 544 (2007) which requires that complaint should have enough factual matter, not just labels, conclusions, and formulaic recitation of the elements of cause of action, the instant case has still sufficient and enough facts to state a claim of relief that is tenable on its face.

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

7

With regards to foreclosure-related case, the Ninth Circuit stated that "[c]omplaints need only allege facts with sufficient specificity to notify defendants of Plaintiffs' claims." *Balderas v. Countrywide Bank, N.A.,* 664 F.3d 787, 790 (9th Cir. 2011). "[S]o long as the plaintiff alleges facts to support a theory that is not factually implausible, the court's skepticism is best reserved for later stages of the proceedings when the Plaintiff's case can be rejected on evidentiary grounds." *Id.* at 791 Quoting *In re Gilead Sciences Sec. Litig.,*536 F.3d 1049, 1057 (9th Cir. 2008).

Here, Plaintiffs have stated and identified in the Complaint the Defendants and enumerated the different causes of action against them with sufficient factual support. A complaint may not be dismissed if there is any set of facts set forth in the complaint which will support a cause of action. When a Court rules on motion to dismiss, it must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the Plaintiff. In fact, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." [*Bernheim v. Litt,* 79 F.3d 318(1996)].

## B. Plaintiffs Have Alleged Sufficient Facts for their §2923.6 Claim

Plaintiffs have experienced a material change in financial circumstances. Now, pursuant to the Homeowner's Bill of Rights, specifically *Civil Code* §2923.6, NATIONSTAR is compelled to review Plaintiffs' modification request and cease all foreclosure activity. Moreover, Plaintiffs as well as Plaintiffs' counsel has communicated this notice to NATIONSTAR along with supporting documentation.

Pursuant to the California Homeowner's Bill of Rights, NATIONSTAR must review Plaintiffs for a foreclosure alternative and may not sell their home until they have exhausted an appeal of their written denial, as set forth in *Civil Code* §2923.6(c). Moreover, Defendant NATIONSTAR was, and currently is, in

8

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

possession of Plaintiffs' complete loan modification application, along with all necessary documentation specifying Plaintiffs' material change in finances.

The intent of the California legislators in enacting *Civil Code* §2923.6 was to address the consequences of the subprime mortgage crisis leading to declining real property values and historic levels of foreclosure.   As a result of the above-described violations, the foreclosure sale of Plaintiffs' property must be cancelled, pursuant to the Homeowner's Bill of Rights, specifically *Civil Code* §2923.6.

As set forth in Plaintiffs' complaint, their financial circumstances have materially changed for the better.  Plaintiffs submitted a complete financial packet, substantiating the change in their income to Defendants in May, 2013.  Plaintiffs have demonstrated with supporting documentation that their household income has decrease by virtue of Mrs. Rosenfeld having to reduce her working hours to take care of their son.

Accordingly, pursuant to Civil Code §2923.6, under the California Homeowner's Bill of Rights, Defendant NATIONSTAR is obligated to evaluate Plaintiffs for any and all foreclosure prevention alternatives, including a loan modification, based on this material change in their financial circumstances.

Any foreclosure activity on the Subject Property after Plaintiffs have communicated their change in financial circumstances is also a violation of California *Business and Professions Code* §17200 as "unlawful" and "unfair" conduct.  Pursuant to the provisions of *Civil Code* §2924g(c)(1)(A), a foreclosure sale may properly be postponed by order of a Court of competent jurisdiction such as this Federal District Court.

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

## C. **Plaintiffs Have Sufficiently Stated Facts for a Violation Of California Business and Professions Code section 17200.**

Plaintiffs have pleaded specific facts in support of this cause of action. Plaintiffs have specifically suffered injury in fact, including loss of equity in their home (by growth in amounts of delinquent interest, declining property value and inflated fees), costs and expenses related to protecting themselves, fees and costs, including, without limitation, attorneys' fees and costs and higher cost of obtaining credit due to the deterioration of their credit scores.

Plaintiffs' UCL cause of action is premised on fraudulent fees and charges assessed onto the loan balance, unfair business practices because of Defendant's "Dual Tracking" of Plaintiffs' loan and unlawful business practices due to the violations of Civil Code §§ 2923.6 (c) and 2924(a)6.

Virtually any law of regulation – federal or state, statutory or common law – can serve as a predicate for a section 17200 violations. Business & Professions Code §17200 does not proscribe specific activities, but broadly prohibits any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising. Cal. Bus. & Prof. Code *§17200.* Because section 17200 is written in the disjunctive, it establishes three varieties of unfair competition-acts or practices which are unlawful, or unfair, or fraudulent. In other words, a practice is prohibited as "unfair" or "deceptive" even if not "unlawful" and vice versa." *Puentes v. Wells Fargo Home Mortg., Inc.,* (2008) 160 Cal. App. 4th 638, 643-644. Plaintiff has standing to assert this claim. *Saunders v. Superior Court* (1994) 27 Cal. 4th, 832.

*Cal. Bus. & Prof. Code* §17200 proscribes "any unlawful, unfair or fraudulent business act of practice[.]" Any such act serves the basis for a claim of unfair competition. *Cal-Tech Commn's, Inc. v. Los Angeles Cellular Telephone Co.*, (1999) 20 Cal.4th 163, 180; *In re Pomona Valley Med. Group*, (9th Cir. 2007) 476 F.3d 665,

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

674. Plaintiffs' UCL cause of action is premised on unfair and unlawful business practices. Virtually any law or regulation- federal or state, statutory or common law-can serve as predicate for a section 17200 violation. The unlawful practices prohibited by the statute are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court made. *Saunders v. Superior Court* (1994) 27 Cal. App. 4th 832,838-39.  Defendants failure to comply with §2923.6 is unlawful.

Thus, if a business practice violates any law it also violates section 17200 and may be redressed under that section. *People v. E.W.A.P., Inc.* (1980) 106 Cal.App.3d 315, 319. Furthermore, the California Supreme Court has stated that section 17200 "borrows" violations of other laws and treats them as unlawful practices independently actionable under section 17200. *Farmers Insurance Exchange v. Superior Court* (1992) 2 Cal.4th 377, 383. Under Business and Professions Code section 17200, any unlawful business act constitutes unfair competition, and a private cause of action can be based on the unlawful act even if the predicate law does not provide for a private cause of action. *Washington Mutual Bank v. Superior Court* (1999) 75 Cal. App. 4th 773.

The UCL prohibits any unlawful, unfair or fraudulent business practice.  Cal. Bus. Prof. Code §17200.  A practice is unfair if the court determines that the impact of the practice or act on its alleged victim outweighs the reasons, justifications, and motives of the alleged wrongdoer.  *Podolsky v. First Healthcare Corp.,* (1996) 50 Cal. App. 4th 632, 647.  Unbeknownst to Plaintiffs, Defendants, acting as lenders, mortgage servicers, trustees, and/or beneficiaries, received, and continue to receive, a financial incentive on each loan modification application a borrower submits. Because of this type of incentive, Defendants benefit from allowing Plaintiffs' modification request to become stale and advising Plaintiffs to re-apply for a

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

11

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

modification, rather than actually reviewing Plaintiffs' application. Defendant NATIONSTAR wrongfully delayed Plaintiffs' modification request due to its own ineffective and unreasonably slow processing system and the financial incentives it received by asking Plaintiffs to submit numerous applications.

1.   Standing

Standing to bring a UCL claim requires "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. To have standing under the UCL, a plaintiff must sufficiently allege that (1) she has lost "money or property" sufficient to constitute an "injury in fact" under Article III of the Constitution, and  (2) there is a "causal connection" between the defendant's alleged UCL violation and the plaintiff's injury in fact. *Birdsong v. Apple, Inc.*, 590 F.3d 959-60 (9th Cir. 2009); *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 855-56 (2008).

Defendant seems to argue that Plaintiffs' allegation regarding a cloud on their title, charging unnecessary default related fees and causing them to lose equity interest in the subject property does not constitute an allegation of loss of money or property.

Defendant could not misstate the law any more. As discussed above, Plaintiffs allege damages resulting from Defendants' collection of payments, adding improper charges to Plaintiffs' balance, and unreasonably delaying Plaintiffs' loan modification review, causing Plaintiffs to lose equity interest in the Subject Property. These injuries are monetary in nature, but also may result in the loss of Plaintiffs' property. Furthermore, these injuries are causally connected to Defendants' conduct. Thus, Plaintiffs have standing to pursue a UCL claim against Defendants.

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Defendant fails to recognize the high calling of efficiently and effectively handling the borrowers' files while knowing that this is someone's family home and sanctuary.  Moreover, Plaintiffs have in fact and continues to suffer injury in fact and loss of money or property as a result of Defendants' violations, including but not limited to legal fees, loss of equity in their property, higher cost of credit due to the deterioration of their credit scores.

Here, Defendant acted "fraudulently", "unfairly" and "unlawfully" because prior to placing Plaintiffs' loan into Default, NATIONSTAR did not halt foreclosure activity while Plaintiffs were under review; continued to foreclose on Plaintiffs' property after being notified of their material change in financial circumstances and failed to properly credit the Plaintiffs payments.

### D. __PLAINTIFFS HAVE SUFFICIENTLY STATED FACTS TO STATE A CLAIM FOR NEGLIGENCE__

It cannot be argued that Defendant, NATIONSTAR had no duty of care.  The rule that a lender does not have a duty to a borrower is only a "general rule," and only applies to situations where a lender plays its conventional role.

Defendant attempts to argue that it does not have a duty to Plaintiff, then attempts to argue that any breach is based on contractual obligations under the Deed of Trust.  Defendant owes Plaintiffs a duty of care because of their unconventional relationship with Plaintiffs as well as its voluntary act of requesting a loan modification application from Plaintiffs which an example of undertaking a task it was not obligated to take to begin with.  Traditionally, a lender loaned money to a borrower and serviced the loan.  Here, Defendant's role is not "conventional" because NATIONSTAR is not receiving the benefits of Plaintiffs' Note and Mortgage.  Instead, Defendant holds Plaintiffs' payments for the benefit of the investor.  In addition, a bank may be liable in negligence if it fails to discharge its contractual duties with reasonable care.  *Das v.*

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

*PHH, N.A.*, 186 Cal.App. 4th 727, at 741 (2010) *citing Chazen v. Centennial Bank*, 61 Cal. App. 4th 532, 537 (1998).

Additionally, "[a] lender may owe a duty of care sounding in negligence to a borrower when the lender's activities exceed those of a conventional lender…" *Osei v. Countrywide Home Loans*, 692 F.Supp.2d 1240, 1249 (2010).  One such instance is when the lender goes, "…beyond its role as a silent lender and loan servicer to offer an opportunity to plaintiffs for loan modification and to engage with them concerning [a] trial period plan." *Ansanelli v. JP Morgan Chase Bank*, N.A., 2011 WL 1134451, *7 (N.D. Cal. March 28, 2011).

In the instant case, Plaintiffs' factual allegations demonstrate NATIONSTAR Participation in Plaintiffs' loan modification efforts.  Accordingly, by way of this Complaint, Plaintiffs have alleged that Defendant went beyond its role as a conventional, silent loan servicer.  "This is precisely beyond the domain of usual money lender." *See Anaselli*, 2011 WL 1134451, *7 (internal quotations omitted).

"[T]o recover on a theory of negligence, [p]laintiffs must prove duty, breach, causation, and damages." *Truong v. Nguyen*, 156 Cal. App. 4th 865, 875 (2007). "The existence of a duty of care owed by defendant to a plaintiff is a prerequisite to establishing a claim for negligence." *Nymark v. Heart Fed. Sav. & Loan Ass'n,* 231 Cal. App. 3d 1089, 1095 (1991). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Id*. at 1096. "Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" *Wagner v. Benson*, 101 Cal. App. 3d 27, 35 (1980) (quoting *Connor v. Great W. Sav. & Loan Ass'n*, 69 Cal. 2d 850, 864 (1968)). Plaintiffs submit that their circumstances are the exception to the general rule; as such Defendant "has a duty to

14
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

exercise reasonable care and skill to follow California law with regard to enforcement of monetary obligations, and to refrain from taking or failing to take any action against Plaintiffs that they did not have legal authority to do." Defendant attempts to argue that it is a "mortgage servicer" and that Plaintiffs fail to plead facts supporting a finding that Defendants' conduct exceeded the scope of a conventional mortgage servicer." However, the mishandling of the loan-modification applications and failure to afford a loan modification is beyond the domain of a usual money lender. *Id.* [Emphasis Added]

Defendant attempts to argue that they are the mortgage servicer and that Plaintiffs failed to plead facts supporting a finding that Defendant's conduct exceeded the scope of a conventional mortgage servicer. However, the mishandling of a loan-modification application and failure to properly administer a loan modification review is well beyond the domain of a usual money lender or servicer.

Here, Defendant owes Plaintiffs an additional duty of care because of their unconventional relationship with Plaintiffs. Traditionally, a lender loaned money to a borrower and serviced the loan. Here, Defendant's role is not "conventional" because Defendant is not receiving the benefits of Plaintiffs' Note and Mortgage. Instead, Defendants hold Plaintiffs' payments for the benefit of the investor. In addition, a bank is liable in negligence if it fails to discharge its contractual duties with reasonable care. *Das v. PHH, N.A.,* 186 Cal.App. 4th 727, at 741 (2010) *citing Chazen v. Centennial Bank,* 61 Cal. App. 4th 532, 537 (1998). [*Emphasis Added*]

Additionally, "[a] lender may owe a duty of care sounding in negligence to a borrower when the lender's activities exceed those of a conventional lender…" *Osei v. Countrywide Home Loans,* 692 F.Supp.2d 1240, 1249 (2010). One such instance is when the lender goes, "…beyond its role as a silent lender and loan servicer to offer an opportunity to plaintiffs for loan modification and to engage with them concerning [a]

trial period plan." *Ansanelli v. JP Morgan Chase Bank, N.A.,* 2011 WL 1134451, *7 (N.D. Cal. March 28, 2011).

In the instant case, Plaintiffs' factual allegations demonstrate Defendant's Participation in Plaintiffs' loan modification effort beginning in 2012. Accordingly, by way of this Complaint, Plaintiffs have alleged that NATIONSTAR went beyond its role as a conventional lender or silent loan servicer. "This is precisely beyond the domain of usual money lender." *See Anaselli,* 2011 WL 1134451, *7 (internal quotations omitted).

Even when the lender is acting as a conventional lender, the no-duty rule is only a general rule. *Osei v. Countrywide Home Loans* (E.D.Cal.2010) 692 F.Supp.2d 1240, 1249.) As a recent federal case put it: "*Nymark* does not support the sweeping conclusion that a lender never owes a duty of care to a borrower. Rather, the *Nymark* court explained that the question of whether a lender owes such a duty requires 'the balancing of the "*Biakanja* factors." ' " (*Newson v. Countrywide Home Loans, Inc.* (N.D.Cal. Nov. 30, 2010 No. C 09–5288) 2010 U.S. Dist. Lexis 126383, at p. *15.) Or, in the words of an even more recent case, in each case where the general rule was applied to shield a lender from liability, "the plaintiff sought to impose upon the lender liability for activities *outside* the scope of the lender's conventional role in a loan transaction. It is against this attempt to expand lender liability (to that of, e.g., an investment advisor or construction manager) that the court in *Nymark* found a financial institution owes no duty of care to a borrower when its involvement in the loan transaction 'does not exceed the scope of its conventional role as a mere lender of money.' *Nymark,* 231 Cal.App.3d at 1096. *Nymark* and the cases cited therein do not purport to state a legal principle that a lender can never be held liable for negligence in its handling of a loan transaction within its conventional role as a lender of money." (*Ottolini v. Bank of America* (N.D.Cal. Aug. 19, 2011 No. C–11–0477) 2011 U.S. Dist.

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Lexis 92900, at p. *16.) Plaintiffs urges this court to consider these observations.

Defendant not only created a special relationship by purportedly undertaking the task of a loan modification review, but assumed a duty to competently administer the application process which was improperly done in this case. Accordingly, Plaintiffs have alleged that Defendant went beyond its role as a conventional, silent loan servicer. "This is precisely beyond the domain of usual money lender." See *Anaselli*, 2011 WL 1134451, *7 (internal quotations omitted). This cause of action is sufficient.

Similarly, *Robinson v. Bank of America* (N.D. Cal. May 29, 2012 No. 12–CV–00494–RMW) 2012 U.S. Dist. Lexis 74212, p. *21, decided on a motion to dismiss, held that a bank went beyond its role as a "silent" lender in its dealings with plaintiff during loan modification negotiations. There, the bank was "alleged to have executed and breached the modification agreement, then engaged in a series of contradictory and somewhat misleading communications with plaintiff—in person, in writing, and by phone—regarding the status of his loan. Under such circumstances, it was entirely foreseeable that [the bank's] conduct could result in damage to plaintiff's credit rating or a decrease in the value of his home." (*Ibid.*; see also *Crilley v. Bank of America, N.A.* (D.Haw. Apr. 26, 2012 No. 12–00081) 2012 U.S. Dist. Lexis 58469 at pp. *5–12, 26 [duty of care owed where plaintiff and bank engaged in substantial negotiations regarding loan modification, finding potential liability based in part on "delays in the loan modification process"]; *Watkinson v. MortgageIT, Inc.* (S.D.Cal. June 1, 2010 No. 10–CV–327) 2010 U.S. Dist. Lexis 53540, pp. *23–24 [duty of care found where bank knowingly misstated borrower's income and value of property on loan application, and where borrower sought but was denied a loan modification]; *Garcia v. Ocwen Loan Servicing, LLC* (N.D.Cal. May 6, 2010 No. C–10–0290) 2010 U.S. Dist. Lexis 45375 at pp. *7–11 [plaintiff's allegations about loan modification application process

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

sufficiently pled a duty under *Biakanja* factors]; but see, *Ottolini v. Bank of America, supra,* 2011 Dist. Lexis 92900 at pp. *18–19 [distinguishing *Ansanelli, supra,* 2011 U.S. Dist. Lexis 32350 where "the application for loan modification had not progressed to a concrete stage and ... there is no indication of the likelihood that such an application would have been granted"].)   Therefore, any conclusion determining Defendant owed no duty to Plaintiffs is in error.

Defendant owed Plaintiffs a duty of care because of their <u>unconventional relationship</u> with Plaintiffs and a duty to properly dispose of their contractual duties.

Finally, even if Defendant evades its general duty of care, it cannot avoid being liable to Plaintiffs for negligence per se in violation of Civil Code §2923.6 and §2924(a)6.

### E.  <u>PLAINTIFFS ARE ENTITLED TO AN ACCOUNTING</u>

Plaintiffs' demand for accounting is an appropriate relief and is encompassed with the other substantive claims.   Here accounting is tethered to relevant actionable claims.   *See Duggall v. G.E. Capital Comm. Servs.,Inc.,* 81 Cal. App. 4th 81, 95 (2000).

NATIONSTAR has held itself out to be Plaintiffs' creditor and mortgage servicer.   As a result of this purported relationship with Plaintiffs, Defendant has a fiduciary duty to Plaintiffs to properly account for payments made by Plaintiffs.   *See* Witkin, California Procedure 5th ed. (2008) Pleadings, Section 820.   "A fiduciary relationship between the parties is not required to state a cause of action for accounting.   All that is required is that some relationship exists that requires an accounting." *Teselle v. McLoughlin* (2009) 173 Cal. App. 4th 156, 179.    The elements for a claim for accounting are fiduciary relationship or other circumstances appropriate to the remedy, and a balance due from to the defendant to the plaintiff that can only be ascertained by an accounting.   *Id.* Witkin.

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

18
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs alleged, as a result of the conduct, Plaintiffs paid NATIONSTAR monthly mortgage payments.  However, for the reasons stated in the complaint, none or some of this money was actually owed to NATIONSTAR.  For that reason, these monies are due to be either credited back to Plaintiffs in full or credited to the rightful owner of Plaintiffs' Note and Mortgage.

The amount of the money due from Defendant to Plaintiffs is unknown and cannot be ascertained without an accounting of the receipts and disbursements of the aforementioned transactions.  Defendant has failed to sufficiently establish that plaintiffs lack standing to sue and/or are required to tender.  In addition, defendants have failed to establish that plaintiffs' allegation that defendants failed to properly credit payments made, incorrectly calculated interest on accounts, and failed to accurately debit fees is insufficient to establish negligence or accounting cause of action.

The accounting demand incorporates facts alleged in the preceding paragraphs of the Complaint.  In the preceding paragraphs of the Complaint, plaintiffs allege that defendants improperly calculated interest owed on the account and that plaintiff have paid for the same.  Defendants have failed to cite any legal authority showing that they do not owe a duty to account for the interest payments made on the loan.

Here, by this cause of action, Plaintiffs allege the claimed amount due in the Notice of Default is not correct and that such amount includes improper excess charges and fees imposed by Defendants; which these fees are not allowed by law. Without an accounting by Defendants, the actual amount of arrearages will remain unknown to Plaintiffs, and accounting is necessary.

## III.   CONCLUSION

Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss because Defendants persistently violated §2923.6 from January 1, 2013 to

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

date.  Further, not only did NATIONSTAR owe Plaintiffs a general duty of care,  but it also owed a contractual duty and statutory duty to Plaintiffs and breached that duty by the special relationship created by its own actions.  As a result of the alleged misappropriation of Plaintiffs' payments and miscalculations of interest, Plaintiffs are entitled to an accounting to determine the proper amounts due under the loan.  To the extent that the Court is inclined to grant this motion, Plaintiffs respectfully request that the Court Plaintiffs leave to amend the Complaint to cure any deficiencies and add additional factual basis in support of their claims.

Respectfully Submitted.

DATED: July 29, 2013                **Law Offices of Joseph R. Manning, Jr.**


                                    By:___/S/ Joseph R. Manning__
                                        JOSEPH R. MANNING JR.
                                        Attorneys for Plaintiffs

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**PROOF OF SERVICE**

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of eighteen (18) years and not a party to the cause. My business address is 4667 MacArthur Blvd., Suite 150, Newport Beach, CA 92660.

On July 29, 2013 I served the true copies of the foregoing document described as **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** on the interested parties in this action, addressed as follows:

**Served Electronically via Court's CM/ECF System:**
*Attorneys for Defendant*
Charles T. Meyer
SEVERSON & WERSON
19100 Von CKarman Ave. Suite 700
Irvine, CA 92612
ctm@severson.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this affidavit was executed on July 29, 2013.

_____/S/Babak Hashemi_____