UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4830 CAS (CWx) | Date | August 19, 2013 |
|---|---|---|---|
| Title | SALLY ROSENFELD, ET AL. V. NATIONSTAR MORTGAGE, LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| Not Present | Charles Meyer | |

**Proceedings:**   MOTION to dismiss Complaint (Docket No. 5, filed July 10, 2013)

## I.   INTRODUCTION

Plaintiffs Sally Rosenfeld ("Sally Rosenfeld") and Lee Rosenfeld ("Lee Rosenfeld") filed this action in Los Angeles County Superior Court on June 3, 2013 against defendants Nationstar Mortgage, LLC ("Nationstar") and RSM&A Foreclosure Services, LLC ("RSM&A").  The complaint alleges four claims related to a mortgage loan secured by plaintiffs' residence, as follows: (1) violations of California Civil Code § 2923.6; (2) violations of California Business and Professions Code § 17200; (3) negligence; and (4) a demand for accounting.

Defendant Nationstar filed a timely notice of removal on July 3, 2013, and filed a motion to dismiss and a request for judicial notice on July 10, 2013.  Plaintiffs filed an opposition on July 29, 2013, and defendant Nationstar filed a reply on August 5, 2013.  Defendant Nationstar's  motion is now before the Court.

## II.   BACKGROUND

Plaintiffs are residents of Los Angeles County.  Defendants are companies doing business in California.  Compl. ¶¶ 3-5.  In 2007, Plaintiffs obtained a $402,000 mortgage loan secured by a house located at 21021 Kingscrest Drive in Santa Clarita, California ("the property").  It is currently their principal residence.  Id. ¶ 41.  Plaintiffs allege that their son was involved in an accident in December 2010, and suffered serious trauma.  Id. ¶ 42.  Beginning in early 2012, plaintiffs encountered difficulty in making their mortgage

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4830 CAS (CWx) | Date | August 19, 2013 |
|---|---|---|---|
| Title | SALLY ROSENFELD, ET AL. V. NATIONSTAR MORTGAGE, LLC, ET AL. | | |

payments due to their son's worsening medical condition and the general state of the economy. Id. ¶ 43. In an effort to avoid foreclosure, plaintiffs sought a loan modification from Aurora Bank, a previous servicer of plaintiffs' loan. Plaintiffs then sought the loan modification directly from defendant Nationstar after it became the loan servicer sometime in the middle of 2012. Id. ¶¶ 44-51. During the application process, in or around September 6, 2012, plaintiffs received a notice that the property was to be sold at a trustee's sale. Id. ¶ 54. Plaintiffs contacted defendant Nationstar to inquire about this notice, and defendant Nationstar assured them that no foreclosure would occur as long as plaintiffs continued to submit the requested documents. Id. ¶ 55.

Plaintiffs' son returned home from the hospital in September 2012. Plaintiff Sally Rosenfeld became his full-time caregiver, and was forced to reduce her working hours. Id. ¶ 56. Plaintiffs informed defendant Nationstar of these changed circumstances, and submitted supporting documentation in October and November 2012. Nationstar confirmed receipt in December 2012, and informed plaintiffs that their loan modification application was complete and under review. Id. ¶ 58.

In early 2013, plaintiffs allege that defendant Nationstar informed them orally, but not in writing, that they qualified for a trial payment plan covering February, March, and April 2013. Id. ¶ 60. Under that plan, plaintiffs were required to pay $2,648.46 per month. Id. Plaintiffs allege that they accepted this plan, and made the first payment in January 2013. Id. ¶ 61. In April 2013, Plaintiffs allege that they received a proposed "Home Affordable Modification Agreement" that included a 5.125% interest rate and a $2,671.02 monthly payment. Plaintiffs allege that this proposed agreement did not properly take into consideration plaintiff Sally Rosenfeld's reduction in income as a result of her reduced working hours. Id. ¶ 65. Plaintiffs received no response from defendant Nationstar, and a trustee's sale of plaintiffs' property was scheduled for June 17, 2013.[1] Plaintiffs allege that they also informed defendants on May 28, 2013, of their changed financial circumstances, including lower household expenses due to plaintiffs

---

[1] It is unclear from the parties' submissions whether a sale has occurred, and the Court requests that the parties address this issue at oral argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4830 CAS (CWx) | Date | August 19, 2013 |
|---|---|---|---|
| Title | SALLY ROSENFELD, ET AL. V. NATIONSTAR MORTGAGE, LLC, ET AL. | | |

paying off their credit card debt[2] and the previously discussed decrease in plaintiff Sally Rosenfeld's working hours.  Id. ¶¶ 68-69.

### III.  LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 129 S.Ct. at 1950.

---

[2]Plaintiffs do not allege the date or dates during which the elimination of their credit card debt occurred.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4830 CAS (CWx) | Date | August 19, 2013 |
|---|---|---|---|
| Title | SALLY ROSENFELD, ET AL. V. NATIONSTAR MORTGAGE, LLC, ET AL. | | |

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**B.    Fed. R. Civ. P. 9(b)**

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4830 CAS (CWx) | Date | August 19, 2013 |
|---|---|---|---|
| Title | SALLY ROSENFELD, ET AL. V. NATIONSTAR MORTGAGE, LLC, ET AL. | | |

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

**IV. ANALYSIS**

**A. Plaintiffs' Claim Under California Civil Code § 2923.6**

Plaintiffs allege that defendants violated section 2923.6 of the California Civil Code in several ways, outlined in Section B, below. The Court finds that plaintiffs have not stated a claim for relief under this section because section 2923.6 does not provide for a private right of action. Rodriguez v. JP Morgan Chase Co., 809 F. Supp. 2d 1291, 1296 (S.D. Cal. 2011)(citations omitted); see also Mabry v. Sup. Ct., 185 Cal. App. 4th 208, 222 (2010)(noting that this section "does not operate substantively," but rather "merely expresses the hope that lenders will offer loan modifications on certain terms").

**B. Plaintiffs' Claim Under California Business and Professions Code § 17200**

The California Business and Professions Code's Unfair Competition Law ("UCL") authorizes actions for injunctive relief to enjoin "unfair competition." Cal. Bus. & Prof. Code § 17203. Unfair competition includes "any unlawful, unfair or fraudulent business act or practice." Id. § 17200.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4830 CAS (CWx) | Date | August 19, 2013 |
|---|---|---|---|
| Title | SALLY ROSENFELD, ET AL. V. NATIONSTAR MORTGAGE, LLC, ET AL. | | |

1. Unlawful Practices

Plaintiffs allege that defendants violated the UCL by violating California Civil Code section 2923.6. Specifically, they allege that defendants violated section 2923.6 by failing to take into account plaintiff Sally Rosenfeld's reduced working hours or their reduction in credit card debt when evaluating their application for a loan modification. Id. ¶¶ 65, 68-69.³ They argue that they are entitled to a second evaluation for a loan modification that takes into account these changed circumstances. Opp. Mot. Dismiss 9.

Section 2923.6 bars a mortgage servicer from conducting a foreclosure sale, or recording a notice of such a sale, while a borrower's application for a mortgage loan modification is pending. Cal. Civil Code § 2923.6(c). However, if a borrower breaches or fails to accept the terms of a loan modification, a mortgage servicer may resume foreclosure activities. Id. § 2923.6(c)(1)-(3). After approving or denying a first application for a loan modification, a mortgage servicer is not required to evaluate subsequent applications "unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application." Id. § 2923.6(g).

The Court finds that plaintiffs have failed to allege a violation of section 2923.6, and, by extension, the UCL. See Farmers Ins. Exch. v. Sup. Ct., 2 Cal. 4th 377, 383 (1992)(explaining that the UCL treats violations of other laws as actionable under the UCL). The chronology set forth in the complaint suggests that defendants were aware of all material details of plaintiffs' financial circumstances before defendants offered plaintiffs a loan modification on April 4, 2013. Plaintiffs allege that they informed defendant Nationstar of the reduction in plaintiff Sally Rosenfeld's working hours several months earlier, during October and November 2012. Compl. ¶ 57. And, while plaintiffs mention in their complaint that they have eliminated their credit card debt, they do not allege a date for when this occurred. Nor do they allege whether defendants were made aware of this fact. It is therefore impossible to determine if this condition existed before

---

³According to plaintiffs, their elimination of their credit card debt has decreased their household expenses and has put them "in a much better financial position to be able to allocate their income to make lower monthly mortgage payments." Id. ¶ 68.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4830 CAS (CWx) | Date | August 19, 2013 |
|---|---|---|---|
| Title | SALLY ROSENFELD, ET AL. V. NATIONSTAR MORTGAGE, LLC, ET AL. | | |

or after defendants formulated and offered plaintiffs the April 4, 2013 loan modification. Accordingly, plaintiffs have not properly alleged a material change in their financial circumstances that occurred after final action, by defendants, on plaintiffs' initial application for a loan modification. It therefore appears from the complaint that section 2923.6(g) of the Civil Code does not bar defendants from pursuing a foreclosure after evaluating plaintiffs' first application for a loan modification.

Plaintiffs also allege that defendants violated Civil Code section 2923.6, and, by extension, the UCL, by engaging in "dual tracking," a practice in which a mortgage servicer records a notice of trustee's sale on a residence while a loan modification application is pending. Compl. ¶¶ 82-87. The Court finds that plaintiffs' allegations of "dual-tracking" are insufficient to establish a violation of section 2923.6 (or the UCL) because that section did not become effective until January 1, 2013. Cal. Civil Code § 2923.6. Plaintiffs allege dual-tracking that occurred in 2012, but not in 2013. Compl. ¶ 54.

   2. Fraudulent Practices

Apart from their allegations related to section 2923.6, plaintiffs allege additional instances of fraud or misrepresentation, including misrepresenting plaintiffs' foreclosure status, instituting improper foreclosure proceedings, and concealing the nature of the fees charged to plaintiffs' account. Compl. ¶¶ 97-106. Defendants argue that plaintiffs have failed to state a claim under the UCL because their allegations are too vague. Def. Mot. Dismiss 10. In addition, they argue that plaintiffs have not suffered an injury in fact that would entitle them to relief under the UCL. Id. at 11.

It appears that plaintiffs have not pled sufficient facts to establish fraud or misrepresentation, particularly when evaluated in the context of the heightened pleading standard under Federal Rule of Civil Procedure 9(b). Rodriguez, 809 F. Supp. 2d at 1297 (citation omitted)(noting that Rule 9(b) applies to UCL claims grounded in fraud).

First, plaintiffs allege that defendants made "misrepresentations and false promises designed to deceive plaintiffs" into thinking that they were "safe from foreclosure," even though defendants were "actually proceeding toward foreclosure." Compl. ¶ 97. This allegation is contradicted by the facts set forth in the complaint. The complaint indicates

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4830 CAS (CWx) | Date | August 19, 2013 |
|---|---|---|---|
| Title | SALLY ROSENFELD, ET AL. V. NATIONSTAR MORTGAGE, LLC, ET AL. | | |

that defendants refrained from foreclosing on plaintiffs' house until the completion of the application process for the loan modification. When plaintiffs expressed concern to defendants after defendants executed a notice of trustee sale on or around September 6, 2012, during the pendency of their loan modification application, defendant Nationstar assured plaintiffs that no foreclosure would occur as long as plaintiffs timely submitted all documents requested by defendant Nationstar. Compl. ¶¶ 54-55. Consistent with this assurance, it does not appear that defendant Nationstar initiated another foreclosure until after plaintiffs received an offer of a loan modification in April 2013.

Second, plaintiffs allege that defendants "[i]nsitut[ed] improper or premature foreclosure proceedings" on their property in order to generate "unwarranted fees." Compl. ¶ 97. Plaintiffs have alleged no specific facts to support this allegation. Rather, they allege generally that defendants "follow a strategy to generate fraudulently concealed default-related income." Compl. ¶ 25. These vague allegations of misconduct are insufficient to allow defendant to "prepare an adequate answer from the allegations." Walling, 476 F.2d at 397.

Finally, plaintiffs' allegations regarding concealment of the nature of fees charged to plaintiffs' account fails to state a claim for substantially the same reason. Plaintiffs allege a general practice on the part of defendants of marking up the costs of default-related services provided by third parties, and passing the extra cost on to the consumer. Compl. ¶¶ 25-35. Plaintiffs state that these costs are neither "reasonable nor appropriate" to protect the mortgage note holders' interest in the property. Id. ¶ 30. These allegations are not sufficiently specific to "give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." See Neubronner v. Milken, 6 F.3d 666, 671 (9th Cir. 1993).

  C.  **Plaintiffs' Negligence Claim**

A cause of action for negligence consists of "(1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate cause between the breach and (4) the plaintiff's injury." Mendoza v. City of Los Angeles, 66 Cal. App. 4th 1333, 1339 (Cal. App. 2d 1998). Plaintiffs argue that defendants owed them a duty to use reasonable care arising from their "unconventional relationship" with plaintiffs. In support of this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4830 CAS (CWx) | Date | August 19, 2013 |
|---|---|---|---|
| Title | SALLY ROSENFELD, ET AL. V. NATIONSTAR MORTGAGE, LLC, ET AL. | | |

contention, plaintiffs argue that defendants requested that plaintiffs submit an application for a loan modification, and agreed to hold defendants hold plaintiffs' mortgage payments "for the benefit of the investor." Opp. Mot. Dismiss 14. In response, defendants argue that financial institutions generally do not owe a duty of care to borrowers as long as their activities do not extend beyond routine money-lending activities. And, according to defendants, loan modifications qualify as routine. Def. Mot. Dismiss 12.

The Court finds that plaintiffs' negligence claim fails because defendants do not owe plaintiffs a duty to use reasonable care. Defendants and plaintiffs are both correct that, as a general rule, a "financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096. The Court concludes, consistent with the weight of recent decisions by other district courts, that activities related to loan modifications fall squarely within defendants' traditional money-lending role. E.g., Argueta v. J.P. Morgan Chase, 2011 WL 2619060, at *5 (E.D. Cal. Jun. 30, 2011).[4]

### D. Plaintiffs' Demand for Accounting

Plaintiffs' final claim is a demand for accounting. The elements of a demand for accounting are: (1) a fiduciary relationship between the plaintiff and the defendant, or another relationship in which the defendant is uniquely situated to provide an accounting to the plaintiff; and (2) a balance due from the defendant to the plaintiff that cannot be ascertained by calculation alone. 5 Witkin, California Procedure § 820 (2008).

Plaintiffs dispute the amount owed by them to defendants. The amount owed, and disputed by plaintiffs, is stated in a notice of default dated June 5, 2012. Compl. ¶ 132 (referring to Exhibit B). Plaintiffs allege that the balance owed to defendants is

---

[4] The case relied on by plaintiffs, Ansanelli v. J.P. Morgan Chase Bank, N.A., 2011 WL 1134451, at *7 (N.D. Cal. Mar. 28, 2011), is unpersuasive and goes against the general consensus view that loan modifications are closely tied to financial institutions' routine lending activities.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4830 CAS (CWx) | Date | August 19, 2013 |
|---|---|---|---|
| Title | SALLY ROSENFELD, ET AL. V. NATIONSTAR MORTGAGE, LLC, ET AL. | | |

artificially inflated because defendants have marked up the actual cost of default-related services that they obtain from third parties, and have passed the additional cost on to plaintiffs. Plaintiffs argue that they are entitled to an accounting from defendants to substantiate the actual amount owed, with reductions for the allegedly improper markups. Id. ¶ 135. Defendants respond that a fiduciary relationship does not exist between them and plaintiffs, and that an action for an accounting will only lie when a plaintiff is owed an amount by a defendant that can only be determined by an accounting.[5] Here, defendants argue, it is plaintiffs that owe defendants a sum of money. Def. Mot. Dismiss 14.

The Court finds that plaintiffs' demand for accounting fails because of the pleading deficiencies outlined in Section C above. Plaintiffs have only alleged general wrongdoing with respect to unwarranted fees and markups on the part of defendants. Those allegations do not satisfy the standards of Federal Rule of Civil Procedure 9(b). As a result, plaintiffs have not sufficiently pled a balance due from defendant to plaintiff, let alone a balance that "can only be ascertained by an accounting." 5 Witkin, California Procedure § 820 (2008).

**V.    CONCLUSION**

In accordance with the foregoing, the Court hereby GRANTS defendant Nationstar's motion to dismiss without prejudice.[6] Plaintiffs shall have leave to file an amended complaint no later than October 21, 2013, to correct the deficiencies identified herein. Failure to do so may result in dismissal of this action with prejudice.

---

[5]Defendants' argument that a fiduciary relationship does not exist between them and plaintiffs is misplaced because such a relationship is not necessary in order to allege a basis for an accounting. 5 Witkin, California Procedure § 820 (2008).

[6]The Court denies as moot defendants' alternative motion for a more definite statement, and defendants' request for judicial notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4830 CAS (CWx) | Date | August 19, 2013 |
|---|---|---|---|
| Title | SALLY ROSENFELD, ET AL. V. NATIONSTAR MORTGAGE, LLC, ET AL. | | |

     The Court sets a Status Conference re: Loan Modification on **September 23, 2013** at **11:00 A.M.** Plaintiffs' counsel is ordered to be present. Failure to appear at future hearings may result in dismissal of the action.

     IT IS SO ORDERED.

|  |  | 00 | : | 05 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |