UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04830-CAS-CWx | Date | February 3, 2014 |
|---|---|---|---|
| Title | SALLY ROSENFELD, ET AL. V. NATIONSTAR MORTGAGE, LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Babak Hashemi | Charles Meyer |

**Proceedings:** MOTION TO DISMISS (Dkt. #19, filed December 4, 2013)

## I. INTRODUCTION

Plaintiffs Sally and Lee Rosenfeld filed this action in Los Angeles County Superior Court on June 3, 2013, against defendants Nationstar Mortgage, LLC ("Nationstar") and RSM&A Foreclosure Services, LLC ("RSM&A"). Defendants removed the action to this Court on July 3, 2013. The operative complaint is the first amended complaint ("FAC") filed on October 21, 2013. Dkt. #16. The FAC asserts three claims related to a mortgage loan secured by plaintiffs' residence, as follows: (1) violations of California Civil Code § 2923.6; (2) violations of California Business and Professions Code § 17200, et seq. ("UCL"); and (3) a demand for an accounting.

Nationstar filed a motion to dismiss the FAC on December 4, 2013, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Dkt. #19. Plaintiffs filed an opposition on January 6, 2014, and Nationstar filed a reply on January 16, 2014. After considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiffs allege that they reside in Los Angeles County, California, and that defendants are companies doing business in California. FAC ¶¶ 4-6. Plaintiffs allege that they obtained a $402,000 mortgage loan secured by a deed of trust on a house

---

[1] In the alternative, Nationstar moves for a more definite statement under Federal Rule of Civil Procedure 12(e).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04830-CAS-CWx | Date | February 3, 2014 |
|---|---|---|---|
| Title | SALLY ROSENFELD, ET AL. V. NATIONSTAR MORTGAGE, LLC, ET AL. | | |

located at 21021 Kingscrest Drive in Santa Clarita, California (the "Property"). Id. ¶¶ 1, 42. Plaintiffs further allege that the Property is their principal residence. Id. ¶¶ 41-42.

According to plaintiffs, their 29 year-old son was involved in an accident in December 2010, and suffered serious trauma. Id. ¶ 43. Plaintiffs allege that, beginning in early 2012, plaintiffs encountered difficulty in making their mortgage payments due to their son's worsening medical condition and the general state of the economy. Id. ¶ 44. Plaintiffs further allege that, in an effort to avoid foreclosure, they sought a loan modification from Aurora Bank ("Aurora"), a previous servicer of plaintiffs' loan. Id. ¶ 45. Plaintiffs allege that an Aurora representative stated that plaintiffs qualified for a loan modification, and advised plaintiffs to complete an application for same. Id. ¶ 46. Plaintiffs allege that they immediately applied for a loan modification, and, in or around May 2012, received notice from Aurora that their loan modification application was complete. Id. ¶¶ 47-48.

Plaintiffs further allege that defendants recorded a notice of default and election to sell the Property on June 7, 2012, while plaintiffs' loan modification application was under review. Id. ¶ 49. Plaintiffs contacted Aurora to inquire about the status of the loan modification application and the notice of default, and were informed that their account had been transferred to Nationstar. Id. ¶ 50. Plaintiffs allege that they thereafter contacted Nationstar in or around July 2012, and were advised by a Nationstar representative that they "pre-qualified" for a loan modification. Id. ¶¶ 51-52. The Nationstar representative stated that, if plaintiffs submitted a complete loan modification application, no foreclosure proceedings would occur while the application was under review. Id. Plaintiffs allege that they submitted a complete loan modification application to Nationstar in or around July 2012, and responded to Nationstar's requests for additional information during the subsequent months. Id. ¶¶ 53-54. According to plaintiffs, defendants executed a notice of trustee's sale against the property, and recorded the notice on November 20, 2012. Id. ¶ 55.

Plaintiffs allege that they subsequently contacted Nationstar, and Nationstar informed them that, as long as they timely submitted requested documents to Nationstar, there would be no foreclosure on the property. Id. at 56.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04830-CAS-CWx | Date | February 3, 2014 |
|---|---|---|---|
| Title | SALLY ROSENFELD, ET AL. V. NATIONSTAR MORTGAGE, LLC, ET AL. | | |

O

Plaintiffs further allege that, on or about September 29, 2012, plaintiffs' son returned home, but was confined to a bed and wheelchair and required full-time care. Id. ¶ 57. Plaintiffs allege that Sally Rosenfeld became her son's full-time caregiver, and was forced decrease her working hours from 40 hours per week to approximately 15 to 20 hours per week. Id. Plaintiffs allege that they contacted Nationstar to inform them of these circumstances, and Nationstar advised plaintiffs to submit supporting documentation to Nationstar. Id. ¶ 58. Plaintiffs allege that they did so in October and November 2012, and that Nationstar confirmed receipt of plaintiffs' documents on or about December 5, 2012. Id. ¶¶ 58-59. Plaintiffs also allege that a foreclosure sale scheduled for December 11, 2012, was postponed as a result of the completion of their application. Id. ¶ 59.

Plaintiffs further allege that a Nationstar representative contacted them in early 2013 and informed them that they had been approved for a trial payment plan, under which plaintiffs were to make monthly payments of $2,648.46, due in February, March, and April 2013. Id. ¶ 61. Plaintiffs allege that they did not receive this offer in writing. Id. Plaintiffs allege that they remitted the first payment on or around January 28, 2013, and a Nationstar representative confirmed receipt of the payment shortly thereafter. Id. ¶ 63. Plaintiffs allege that they remitted the second payment on or around March 26, 2013. Id. ¶ 64.

Plaintiffs next allege that, on or around April 4, 2013, they received a proposed "Home Affordable Modification Agreement" ("Agreement"), which included an interest rate of 5.125% and a monthly payment of $2,671.02, to be made beginning on June 1, 2013. Id. ¶ 65. Plaintiffs allege that this Agreement did not take into account Sally Rosenfeld's aforementioned reduction in income. Id. Plaintiffs further allege that they contacted a Nationstar representative and advised him that the proposed Agreement did not take into account this reduction, but never received a return call. Id. ¶ 66.

Plaintiffs allege that they paid off all of Sally Rosenfeld's credit card debt in or around May 2013, and that they informed defendants of this fact by letter dated May 28, 2013. Id. ¶¶ 71, 86, Ex. C. Plaintiffs further allege that the letter informed defendants of plaintiffs' son's medical condition. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04830-CAS-CWx | Date | February 3, 2014 |
|---|---|---|---|
| Title | SALLY ROSENFELD, ET AL. V. NATIONSTAR MORTGAGE, LLC, ET AL. | | |

Plaintiffs allege that, as of the filing of the FAC, they are in possession of the Property, and no trustee's sale had occurred. Id. ¶ 68. Plaintiffs also allege that a trustee's sale was scheduled for November 21, 2013. Id.

## III. LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04830-CAS-CWx | Date | February 3, 2014 |
|---|---|---|---|
| Title | SALLY ROSENFELD, ET AL. V. NATIONSTAR MORTGAGE, LLC, ET AL. | | |

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### B. Fed. R. Civ. P. 12(e)

Fed. R. Civ. P. 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Furthermore, a motion filed pursuant to Rule 12(e) "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04830-CAS-CWx | Date | February 3, 2014 |
|---|---|---|---|
| Title | SALLY ROSENFELD, ET AL. V. NATIONSTAR MORTGAGE, LLC, ET AL. | | |

## IV. DISCUSSION

### A. Plaintiffs' Claim Under California Civil Code § 2923.6

California Civil Code § 2923.6 states that a mortgage servicer or trustee "shall not record a notice of default or notice of sale, or conduct a trustee's sale," while a "complete first lien loan modification application is pending." This bar remains in force until one of the following events occurs: (1) the mortgage servicer determines that a borrower is not eligible for a first lien loan modification; (2) the borrower does not accept an offered lien loan modification within 14 days of the offer; or (3) the borrower accepts a written lien loan modification, but defaults on, or otherwise breaches its obligations under the loan modification. Id. § 2923.6(c)(1)-(3).[2] This section further states as follows:

> In order to minimize the risk of borrowers submitting multiple applications for first lien loan modifications . . . , the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013, or who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section, unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer.

Id. § 2923.6(g). An application is deemed "complete" when a borrower has submitted to the mortgage servicer "all documents required by [it]" within "reasonable timeframes" specified by the mortgage servicer. Id. § 2923.6(h).

The Court finds that the FAC states a claim for a violation of Civil Code § 2923.6 because plaintiffs allege that they notified Nationstar, by letter dated May 28, 2013, of a material change in their financial circumstances, namely, Sally Rosenfeld's elimination of her credit card debt, and that defendants were in possession of a complete loan

---

[2] Under California law, a borrower may bring an action to enjoin a material violation of this section. Cal. Civ. Code § 2924.12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04830-CAS-CWx | Date | February 3, 2014 |
|---|---|---|---|
| Title | SALLY ROSENFELD, ET AL. V. NATIONSTAR MORTGAGE, LLC, ET AL. | | |

modification application from plaintiffs, FAC ¶¶ 71, 86, 91.  Based on these allegations, defendants were obligated to refrain from recording a notice of default or notice of sale until this modification application was evaluated in light of plaintiffs' changed financial circumstances.  See Cal. Civ. Code § 2923.6(g); Bitker v. Suntrust Mortg., Inc., 2013 WL 2450587, at *2 (S.D. Cal. Mar. 29, 2013) (finding likelihood of success on the merits on claim for violation of Civil Code § 2923.6 when plaintiff submitted documentation of a material change in financial circumstances, and defendants nevertheless sought to proceed with the trustee's sale); Vasquez v. Bank of America, N.A., 2013 WL 6001924, at *8 (N.D. Cal. Nov. 12, 2013) (finding that the plaintiff stated a claim under Civil Code § 2923.6(g) based on the defendant's recordation of a notice of trustee's sale while complete loan modification application was pending).  Additionally, plaintiffs allege that defendants scheduled a trustee's sale for November 21, 2013.  FAC ¶ 68.  Viewing the FAC in the light most favorable to plaintiffs, it is reasonable to conclude that defendants recorded the notice of trustee's sale after plaintiffs sent this letter.[3]

Nationstar resists this conclusion on four grounds, none of which is availing.  First, defendants argue that the FAC fails to state a claim under Civil Code § 2923.6 because plaintiffs do not allege the date that the November 21, 2013 trustee's sale was noticed or recorded.  Mot. Dismiss 6.  According to Nationstar, Civil Code § 2923.6 prohibits the recordation of a notice of default or notice of sale while a loan modification application is pending, but does not require a mortgage servicer to withdraw a notice recorded prior to the submission of the complete application.  Id.  The Court finds this argument unpersuasive.  As set forth above, the allegations in the FAC gives rise to the reasonable inference that defendants recorded a notice of trustee's sale after plaintiffs submitted a complete loan modification application, and provided notice of the change in their financial circumstances on May 28, 2013.  This conduct is prohibited by Civil Code § 2923.6(g).

---

[3] Plaintiffs state in their opposition that defendants violated Civil Code § 2923.6 by "scheduling" a trustee's sale while they were in possession of a complete loan modification application from plaintiffs.  Opp. Mot. Dismiss 4.  This statement further clarifies that plaintiffs intend to allege that defendants violated Civil Code § 2923.6 by recording a notice of trustee's sale while a complete loan modification application was pending.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04830-CAS-CWx | Date | February 3, 2014 |
|---|---|---|---|
| Title | SALLY ROSENFELD, ET AL. V. NATIONSTAR MORTGAGE, LLC, ET AL. | | |

Second, Nationstar argues that plaintiffs' May 28, 2013 letter is not sufficiently detailed to trigger plaintiffs' entitlement to review of a second loan modification. Mot. Dismiss 5-6. This argument fails because, at this juncture, the Court views the allegations in the FAC in the light most favorable to plaintiffs, and concludes that plaintiffs' statement in the letter regarding their elimination of credit card debt is sufficient to give rise to a reasonable inference of a "material change in . . . financial circumstances." Cal. Civ. Code § 2923.6(g); see also Vasquez, 2013 WL 6001924, at *8 (finding that allegations that the plaintiff submitted documentation showing "increased income" were sufficient to demonstrate material change in financial circumstances). Third, Nationstar argues that this claim is not "ripe" for review because plaintiffs filed this action on June 3, 2013, only four business days after sending the May 28, 2013 letter. Mot. Dismiss 6. According to Nationstar, it was not required to respond to this letter until five business days had elapsed. This argument fails because the FAC, filed on October 1, 2013, is now the operative complaint in this action.

Finally, Nationstar argues that Civil Code § 2923.6 is inapplicable to this action because it does not apply to loans originated prior to January 1, 2013. Mot. Dismiss 6-10. This argument also fails. While § 2923.6 did not become effective until January 1, 2013, its terms show that the California Legislature intended for it to apply to loans originated in previous years if there has been a material change in financial circumstances. In this regard, § 2923.6(g) prohibits dual tracking with respect to "borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013." This conclusion is consistent with recent district court cases that have applied this section to loans originated prior to 2013. See Singh v. Bank of America, N.A., 2013 WL 1858436, at *2 (E.D. Cal. May 2, 2013); Ware v. Bayview Loan Serv., LLC, 2013 WL 6247236, at *6 (S.D. Cal. Oct. 29, 2013).

    **B.**    **Plaintiffs' UCL Claim**

The UCL authorizes actions for injunctive relief to enjoin "unfair competition." Cal. Bus. & Prof. Code § 17203. Unfair competition includes "any unlawful, unfair or fraudulent business act or practice." Id. § 17200. The Court finds that the FAC states a claim under the "unlawful" prong of the UCL based on the violation of Civil Code § 2923.6, discussed above. See, e.g. Farmers Ins. Exch. v. Sup. Ct., 2 Cal. 4th 377, 383

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04830-CAS-CWx | Date | February 3, 2014 |
|---|---|---|---|
| Title | SALLY ROSENFELD, ET AL. V. NATIONSTAR MORTGAGE, LLC, ET AL. | | |

(1992) (explaining that the UCL treats violations of other laws as actionable under the UCL).[4] Nationstar argues that plaintiffs lack standing to assert a UCL claim because they have not suffered an injury in fact. Mot. Dismiss 10. This argument fails because the threat of a foreclosure is sufficient to establish standing to assert a UCL claim. See Clemens v. JP Morgan Chase Nat'l Corp. Servs., Inc., 2009 WL 4507742, at *7 (N.D. Cal. Dec. 1, 2009), abrogated on other grounds by Sonoda v. Amerisave Mortg. Corp., 2011 WL 2690451 (N.D. Cal. July 8, 2011); Sullivan v. Wash. Mutual Bank, 2009 WL 3458300, at *4 (N.D. Cal. Oct. 23, 2009).

    **C.    Plaintiffs' Claim for an Accounting**

Plaintiffs' final claim is a demand for accounting. The elements of a claim for an accounting are: (1) a fiduciary relationship between the plaintiff and the defendant, or another relationship in which the defendant is uniquely situated to provide an accounting to the plaintiff; and (2) a balance due from the defendant to the plaintiff that cannot be ascertained by calculation alone. 5 Witkin, California Procedure § 820 (2008). The Court finds that this claim fails for two reasons. First, it is well established that a fiduciary relationship does not ordinarily exist between lender and borrower. E.g., Bank of America Corp. v. Superior Court, 198 Cal. App. 4th 862, 870 n.7 (2011). Similarly, a lender-borrower relationship is not a unique relationship that would support a demand for an accounting even absent a fiduciary relationship. Jolley v. Chase Home Finance, LLC, 213 Cal. App. 4th 872, 910 (2013). Second, the allegations in the FAC do not support a reasonable inference that money is owed by defendants to plaintiffs. Rather, the allegations in the FAC show that plaintiffs owe a sum of money to defendants arising from the mortgage loan secured by the Property, but dispute the exact amount.

---

[4] Since the Court concludes that the FAC states a claim under the UCL based on violations of Civil Code § 2923.6 occurring in 2013, the Court need not address plaintiffs' argument that dual tracking occurring in 2012 is actionable under the "unfair" prong of the UCL, even though it occurred prior to the effective date of the current version of Civil Code § 2923.6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04830-CAS-CWx | Date | February 3, 2014 |
|---|---|---|---|
| Title | SALLY ROSENFELD, ET AL. V. NATIONSTAR MORTGAGE, LLC, ET AL. | | |

**D.     Motion for a More Definite Statement**

Nationstar requests that plaintiffs be ordered to provide a more definite statement in the event that the Court denies a portion of the motion to dismiss. Mot. Dismiss 13. The Court DENIES this request because, as set forth above, the allegations in the FAC are not so "vague or ambiguous" that it is impossible to determine the basis for plaintiffs' claims.

**V.     CONCLUSION**

In accordance with the foregoing, the Court hereby GRANTS IN PART and DENIES IN PART defendant Nationstar's motion to dismiss. Nationstar's motion for a more definite statement is DENIED. The Court does not grant plaintiffs leave to amend in order to replead their claim for an accounting because granting such leave would be futile for the reasons set forth in Section IV(C) above. See, e.g., Schreiber, 806 F.2d at 1401.

IT IS SO ORDERED.

|  | 00 | : | 08 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |